## Ethel M. Cann and William A. Cann, Appellees, v. City of Chicago et al., Appellants.

### Gen. No. 30,631.

1. INJUNCTIONS—*burden of proof as to exhaustion of legal remedies upon bill to enjoin interference with erection of building.* On a bill to enjoin a city and its officers from interfering with the erection of a building in accordance with permits theretofore issued by the building commissioner but subsequently revoked by him upon the ground that the intended use of such building was contrary to the provisions of a zoning ordinance adopted by the city pursuant to Cahill's St. ch. 24, ¶ 521, *et seq.*, it was incumbent upon complainants to show that they had exhausted their right of appeal from the order revoking their permit to the board of appeal created by such ordinance to have jurisdiction in such matters, as a prerequisite to their right to seek the aid of a court of equity.

2. BUILDINGS AND BUILDING RESTRICTIONS—*jurisdiction of board of appeal under Chicago Zoning Ordinance and Zoning Act.* Under the Chicago Zoning Ordinance adopted pursuant to Cahill's St. ch. 24, ¶ 521, *et seq.*, the board of appeal created by such ordinance in accordance with ¶ 523 of said act has jurisdiction to review an

order of the building commissioner revoking a permit for the erection of a building in that city, such revocation having been upon the ground that the intended use of such building was contrary to the provisions of said ordinance.

3. INJUNCTIONS—*when bill to enjoin interference with erection of building should be dismissed on ground of existing adequate remedy at law.* Where it appears, on a bill to enjoin a city and its officers from interfering with the erection of a building in accordance with permits theretofore issued by the building commissioner but subsequently revoked by him upon the ground that the intended use of such building is contrary to the provisions of a zoning ordinance adopted by the city pursuant to Cahill's St. ch. 24, ¶ 521, *et seq.*, that complainants have not exhausted their right of appeal from such order of revocation under the terms of the said ordinance and statute, the bill should be dismissed upon the ground that the complainants have an adequate remedy at law.

Appeal by defendants from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1925. Reversed. Opinion filed May 25, 1926.

FRANCIS X. BUSCH, Corporation Counsel, for appellants; ROY S. GASKILL, BARNET HODES and W. ARNOLD AMBERG, Assistant Corporation Counsel, of counsel.

EDWIN D. LAWLOR, for appellees.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Appellees filed their bill in equity to restrain and enjoin the City of Chicago, its mayor, superintendent of police, and commissioner of buildings, their servants, agents, etc., from interfering with or preventing the erection of a building on certain premises in said city in accordance with permits theretofore issued by the city therefor. On July 14, 1925, a permanent injunction, in accordance with the bill, was entered after a hearing on the pleadings and master's report, from which this appeal is taken.

The only assignments of error necessary for us to consider are that complainants had an adequate rem-

Cann v. City of Chicago et al., 241 Ill. App. 21.

edy at law, and that the court was without jurisdiction because under the zoning act and the ordinance of the City of Chicago passed in pursuance thereof, there was created a board of appeals which had exclusive jurisdiction over the matter here in controversy. We need, therefore, refer to only so much of the record as presents these questions.

Complainants' right to an injunction is predicated upon the right to proceed to erect a building on the premises in question under a permit therefor issued by the commissioner of buildings, April 13, 1923, and renewed or extended on said commissioner's orders from time to time, the last extension having been granted October 6, 1924, for six months from that date. Relying on said permits they, on January 31, 1925, entered into contracts for materials, appliances and machinery for the erection thereof, and began excavation for the foundation walls of said building, which were completed on March 24, 1925, when, under orders of the city's police officials, their workmen were ordered to cease work and leave the premises. On the same day the permits were revoked by the commissioner of buildings. The bill alleges that complainants had incurred large financial obligations by reason of said contracts and had suffered a large loss by reason of the interruption of the work; that the conduct of said officials of the city was unlawful, and that they will suffer great and irreparable loss and have no adequate remedy at law.

The bill sets forth the enactment of the Chicago Zoning Ordinance, a copy of which is attached to the amended bill and made a part thereof, and alleges that under its provisions the buildings that may be erected upon the premises are restricted to dwelling and apartment houses, and that the erection of buildings for commercial purposes is prohibited. It further appears from the bill that the building to be erected under the permits was one for the display and sale of automo-

biles on said premises—in other words, a building for commercial purposes.

When such revocation was made the zoning law [Cahill's St. ch. 24, ¶ 521, *et seq.*] as it now stands and said Chicago Zoning Ordinance passed in pursuance thereof were in force and effect. Section 3 of said Zoning Act (Cahill's St. ch. 24, ¶ 523) provides that all ordinances passed under the terms of said act shall be enforced by such officer of the city, village or incorporated town as may be designated by ordinance, and that the city council may provide for the appointment of a board of appeals which "shall hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this act." The act prescribes the procedure that may be taken before said board and provides as follows:

"The board of appeals may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination as in its opinion ought to be made in the premises, and to that end shall have all the powers of the officer from whom the appeal is taken. Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance, the board of appeals shall have the power in passing upon appeals, to vary or modify the application of any of the regulations or provisions of such ordinance relating to the use, construction or alteration of buildings or structures or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done."

It further provides that any person aggrieved by any decision of the board of appeals may present to a court of record a petition setting forth that such a decision is illegal, in whole or in part, within 30 days after the filing of the decision in the office of the board,

and that upon its presentation the court may allow a writ of certiorari directed to said board of appeals to review such decision, and that on the allowance of the writ the court may on application and due notice grant a restraining order, and that the court may reverse or affirm, wholly or in part, or may modify the decision brought up for review.

The zoning ordinance provides that it shall be enforced by the commissioner of buildings, and creates a board of appeals which, as admitted by complainants' counsel, was functioning at the time their bill was filed.

The answer to the bill alleges, among other things, that complainants have not at any time appeared before such board to question the decision or determination of the building commissioner in this matter. While there was no proof of the failure of complainants to resort to the procedure outlined by the statute for an adjustment of their grievances, the statute having prescribed such a course it was incumbent upon complainants to follow it and show that they had done so and had exhausted the legal remedies thus provided before coming into a court of equity. Had complainants pursued the remedy there provided and met with an adverse decision by the board they would still have had the right of petition to bring the matter before a court of record, and upon proper proceedings that court could have granted as full relief, if complainants were entitled to it, as that given by the decree under review.

That the provisions of the act are broad enough to confer upon such board the right to review any prejudicial administrative action of the building commissioner exercised under the zoning ordinance does not seem to be questioned or open to question. Nor is it questioned that his action in revoking such permits, whether rightfully or wrongfully, was in the exercise of his administrative function conferred by such ordi-

nance. While the zoning ordinance did not go into effect until after the original permit was issued it was in force when each of the extensions was granted, and each was granted "upon the express condition that the erection of the building shall conform in all respects to the ordinances of the City of Chicago regulating the construction of buildings in the city limits, and may be revoked at any time upon the violation of any of the provisions of said ordinances."

The record indicates that the permits were revoked because of alleged violations of the zoning ordinance, which it was the duty of the commissioner of buildings to administer. Whether he did so rightfully or wrongfully is not for us, and was not for the court below, to decide. That was a matter to be determined under a course of procedure pointed out by the statute. In *City of Aurora v. Burns,* 319 Ill. 84, which was a case involving a zoning ordinance under said zoning act, it was said: "Should any discrimination develop it can be removed by the administrative action of the board of appeals, for which provision is made both by the enabling act and the ordinance. Such action is subject to review by the courts." And again, in *Deynzer v. City of Evanston,* 319 Ill. 226, 234, which also involved a zoning ordinance, it was said: "If appellant feels that she has been aggrieved by the classifications of the zoning ordinance her recourse is to the board of appeals. The action of that body is reviewable by the courts."

We think the grievances complained of in the case at bar were of a character contemplated for review in the manner pointed out by the zoning law as heretofore stated. It will be noted that the statute gives the board of appeals great latitude of decision "so that the spirit of the ordinance shall be observed" and "substantial justice done," and also provides that additional evidence may be heard, if deemed necessary by the court, on a further review under the writ of cer-

tiorari. It would seem, therefore, that there is thus afforded a complete and distinct remedy at law for any grievance arising under the administration of a zoning ordinance. It is manifest that the statute recognizes that from the very subject of the enabling act and any ordinance that may be passed under it, "practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance" will naturally be encountered and require such latitude of decision as will be in harmony with the "spirit of the ordinance" and at the same time promote "substantial justice." Under a statute so broad it can hardly be questioned that complainants had an adequate and complete remedy at law for the determination of their grievances. For that reason alone the bill should not have been entertained.

Contending that the remedy thus provided by the statute is an exclusive one and, therefore, the court had no jurisdiction, appellants cite cases holding that where, in a special statutory proceeding, one form of review is specifically given, all other forms of review are excluded. *Allerton v. Hopkins,* 160 Ill. 448, 457; *Myers v. Commissioners Newcomb Special Drain. Dist.,* 245 Ill. 140; *People v. McGoorty,* 270 Ill. 610, 621; *Smith-Lohr Coal Min. Co. v. Industrial Board of Illinois,* 279 Ill. 88, 91.

But we need not discuss the principle for, complainants having a complete and adequate remedy at law, equity will not grant relief. (Story's Eq. Juris. Vol. 1, sec. 33, 13th Ed.)

This view of the case renders it unnecessary to consider the other points raised on this appeal.

*Reversed.*

GRIDLEY and FITCH, JJ., concur.