(No. 22494.—

LAWSON TJARDES, Appellant, *vs.* THE NEW YORK, CHI-
CAGO AND ST. LOUIS RAILROAD COMPANY, Appellee.

*Opinion filed June 20, 1934.*

OTTO KERNER, Attorney General, IRVIN ROOKS, HOW-
ARD C. KNOTTS, LEE A. FREEDMAN, and LINDLEY, PACEY
& JOHNSON, for appellant.

W. J. STEVENSON, JOSEPH T. MARKEY, THOMPSON &
MARTENSEN, and POPE & DRIEMEYER, for appellee.

Mr. CHIEF JUSTICE JONES delivered the opinion of the
court:

The circuit court of Ford county set aside an order
of the Illinois Commerce Commission requiring the New
York, Chicago and St. Louis Railroad Company, appellee,
to maintain at its own expense a side-track alongside the

elevator and coal yard of Lawson Tjardes, appellant. The cause is here on appeal.

Appellant's elevator and other buildings used in connection with his business are located on land belonging to the railroad company and south of and adjacent to a switch-track at a small station called Derby. At the time the switch-track was built it connected at both ends with the main-track. About the year 1900 a passing-track was constructed north of the main-track and the switch-track was disconnected at the west end from the main-track. The switch-track extends a considerable distance both east and west of appellant's buildings. Besides serving appellant, appellee uses this track for the general service of the public and the storage of cars. The ground occupied by appellant extends 270 feet along the switch-track and its value is $105.80. The elevator was constructed in 1900. Appellant acquired the buildings and took possession on June 13, 1928. Negotiations for lease of the ground were entered into between appellant and appellee, but were never consummated because the parties could not agree upon the rent to be paid. Appellant offered various sums, ranging from $5 to $20 a year, but his offers were rejected. Appellee tendered him a lease calling for a rental of $103.80 per annum. This charge included a rental for 270 feet of the switch-track at thirty-six cents a foot. The lease reserved to appellee the right to use the whole or any part of the track, provided such use did not unreasonably interfere with the use of appellant. Appellant refused to pay any amount for the use of the track. On March 28, 1931, appellee served a demand on him for immediate possession of the premises, and on the next day instituted an action of forcible entry and detainer in the circuit court of Ford county. That suit has never been tried. In June, 1931, Tjardes filed a complaint with the Commerce Commission, and later an amended complaint, which recited the pertinent facts and asked that appellee be required to maintain

the switch-track at its own expense and that a reasonable rental be fixed for the elevator site. The railroad company's answer alleged that it is a standard and reasonable practice to charge for use of the switch-track and that no rent has been paid for the use of said premises. It also alleged the pendency of the proceeding in the circuit court, and that by reason thereof the Commerce Commission has no jurisdiction of the cause. The commission ordered appellee to maintain the switch at its own expense. It did not fix any rental charge but retained jurisdiction of the cause for further orders. The trial court found that appellant was a trespasser, and that therefore the commission had no jurisdiction to enter the order.

Appellant was continuously in possession of the premises after he acquired the buildings. During that time appellee transacted business with him, furnished him cars, acquiesced in his possession and treated him as a tenant. The only controversy between them related to the amount of rent to be paid. Forty-one cars were shipped from the elevator in 1930. Prior to that the shipments averaged fifty cars annually, and at the time of the hearing before the Commerce Commission twenty-three cars had been shipped in 1931. It is clear that the parties intended to create between themselves the relation of landlord and tenant. They contemplated that appellant should pay rent. He occupied the premises for nearly three years before appellee demanded possession, and during all that time the sole controversy related to the amount of the rent. The conduct of appellee was a recognition of his rightful occupancy. After demanding possession and bringing suit appellee continued its business relations with him in the same way as before the demand was made. Appellee is in no position to assert that he is a trespasser. In fact, the whole issue as to whether he was a tenant, a licensee or a trespasser is beside the point in this case. He was an occupant of the premises which he had entered under leave.

He was the owner of a business which made him a considerable patron of a public utility at that place.

By the Public Utilities act (Cahill's Stat. 1933, chap. 111a,) the Commerce Commission is vested with general supervision of all public utilities, including the rates, service and facilities. Section 9 of article 1 of the act requires every such utility to comply with the orders, rules and regulations of the commission in any matter relating to its business. By section 10 the term "service" is used "in its broadest and most inclusive sense, and includes not only the use or accommodation afforded consumers or patrons, but also * * * [the] equipment, apparatus, appliances, property and facilities employed by, or in connection with, any public utility in performing any service * * * devoted to the purposes in which such public utility is engaged and to the use and accommodation of the public." The term "rate" includes every rate, fare, toll, charge, rental or other compensation of any public utility or any schedule or tariff thereof and any rule, regulation, charge, practice or contract relating thereto. Appellant was a patron of the utility, receiving service as contemplated by the provisions of section 10. As such patron he had the right to invoke the jurisdiction of the commission in the premises.

Section 41 of the act provides that whenever the commission, after a hearing upon complaint, shall find that the rates or other charges demanded by any public utility for any service or in connection therewith, or the rules, regulations or practices affecting such rates or other charges, are unjust or unreasonable, the commission shall determine the just and reasonable rates or other charges, rules, regulations or practices and fix the same by order. The commission therefore had jurisdiction of the subject matter and by the complaint and answer it acquired jurisdiction of the parties. The record presents no question other than that of the jurisdiction of the commission. The trial

court erred in holding that the commission was without jurisdiction.

The judgment of the circuit court is reversed and the order of the Commerce Commission is confirmed.

*Judgment of circuit court reversed.*
*Order of Commerce Commission confirmed.*