In re Ernest T. Wolf and Chicago and Northwestern
Railway Company, Appellees, v. Village of Mt.
Prospect and William Mulso, Defendants.
Appeal of William Mulso, Appellant.

Gen. No. 41,831.

Heard in the first
division of this court for the first district at the October term, 1941.
Opinion filed March 23, 1942. Rehearing denied April 6,
1942.

HENRY O. NICKEL, of Chicago, for appellant.

STEWART REED BROWN, of Chicago, for certain appellee.

NELSON J. WILCOX, of Chicago, for certain other appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In a suit for mandamus on trial by the court there was an order the writ issue directing Mulso, superintendent of building and construction of the Village of Mount Prospect, to issue a certificate of occupancy and license to plaintiff Wolf to conduct a coal yard in conformity with his applications of October 24, 1938, and April 11, 1940. The applications were for a license to conduct the business and erect buildings deemed necessary and appropriate. Both applications were denied by the commissioner. The pleadings consist of the petition of plaintiff, the answer of defendant and reply of plaintiff. Evidence also was taken.

Attached to the petition was a plat showing the location in the village of the coal business which has been conducted there by plaintiff for a number of years and the proposed new location on which it is intended to conduct it. This new location is on the right of way of the plaintiff Northwestern Railway Company, which is about 100 feet wide at the place in question. The particular piece of ground is irregular in shape and has a width of about 50 feet and a length of about 250 feet. Plaintiff has a lease from the railway company dated December 27, 1939. The lease was obtained after his first and before his second application to the building commissioner. The lease authorizes the use of the land for a coal business and is approved by the Illinois Commerce Commission as provided by statute (Ill. Rev. Stat. 1939, ch. 114, § 174a [Jones Ill. Stats. Ann. 114.079]). The lease provides ''that the lessee will . . . comply with all laws, ordi-

nances and regulations respecting its business and its use and occupation of said premises." It may be terminated on 30 days' notice. Plaintiff's application to the Illinois Commerce Commission for approval of the lease stated the property was not needed for railway purposes. A portion of the leased land has been hitherto used for dwellings for employees working on this section of the railway. There are no other buildings on it except a small tool house.

The Village of Mount Prospect passed a zoning ordinance December 4, 1923. It divides all the real estate in the village into industrial, business or residential districts. This particular tract is zoned as residence property. The village has a board of appeals as provided by sections 73–4 and 5 of the Zoning Act (Ill. Rev. Stat. 1941, p. 477 [Jones Ill. Stats. Ann. 21.2125 and 21.2126]). Plaintiffs did not appeal to this board from the orders denying his applications. Their petition alleges that there was no such board but the evidence shows there was.

The contention of plaintiffs seems to be that the general control of public utilities which has been vested by statute in the Illinois Commerce Commission by the Public Utilities Act has taken from towns and villages the power conferred by the zoning statute to enact ordinances zoning property within the village and defining its particular use. Plaintiffs cite *Village of Atwood v. Cincinnati, I. & W. R. Co.*, 316 Ill. 425; *Northern Trust Co. v. Chicago Rys. Co.*, 318 Ill. 402, and *Tjardes v. New York, C. & St. L. R. Co.*, 357 Ill. 162, at 165 and 166. We have examined the cases and hold the contention cannot be sustained. In the *Atwood* case the village by ordinance undertook to compel the railroad company to provide a flagman at a certain crossing. It was held the Public Utilities statute had vested the exclusive power in that regard in the commerce commission, and it had acted. In the *Northern Trust Co.* case the question was whether an

ordinance of the city requiring street cars to be equipped with headlights was valid, and it was held the authority of the commission was superior in that respect. In the *Tjardes* case the question was whether the commerce commission had exclusive jurisdiction to determine the charge which might be made for the use of a switch track by a shipper who owned an elevator on the property of the railway. The answer was in the affirmative. There is no conflict of jurisdiction here between the commerce commission and the zoning board of the Village of Mount Prospect. The application for approval of the lease expressly stated the land was not needed for railway purposes and the lease provided that the lessee should obey all ordinances, etc.

Plaintiffs cite *Taylor v. Village of Glencoe*, 372 Ill. 507. The suit there was for an injunction to restrain the Village of Glencoe from enforcing its zoning ordinance as applied to a particular piece of property of which the plaintiffs were owners. The Supreme Court held that the classification established by the zoning ordinance as applied to plaintiffs' property was arbitrary and unreasonable and failed to bear any relation to the public health, safety, morals and welfare. The Supreme Court directed an injunction to issue. That is not the procedure adopted by the plaintiffs here.

There is some difficulty in understanding the theory on which plaintiffs here bring their suit. Their petition alleges that the ordinance is unconstitutional and invalid but they ask a mandamus to compel its enforcement and say that plaintiff is entitled to a permit under it. The petition proceeds upon the theory that petitioner is excused from taking an appeal from the decision of the commissioner to the board of appeals because the petition says the village had not created any such board to which an appeal might be taken. The evidence shows this is not true and plaintiffs offered no proof to the contrary. The petition alleges

the action of the commissioner was arbitrary and unreasonable and does not promote the general welfare, safety, health, comfort or morals. Evidence was produced on this issue by the respective parties.

At the time of the first application plaintiff did not have any lease from the railway company. He secured the lease before the second application was made. Plaintiff said he proposed to store coal on the leased property; that the quantities would be received in carload lots, around 700 or 800 tons at a time; that the coal would be Pocahontas Mine Run, Pocahontas Nut and Pocahontas Pea—no hard coal; that the coal would be stacked in 8 or 10 piles. There are no other coal yards on the railroad right of way within the limits of Mount Prospect. This yard would be located east of the depot. The closest residence would be over 100 feet. The property fronts on the Northwest Highway.

The evidence shows that the Village of Mount Prospect has within the past few years expended money to beautify and clean up this railroad right of way and to that end leased some of the property around the railroad station. The village has paid for planting shrubbery. In the opinion of persons interested in the welfare of the village the location of this coal yard at this place would tend very much to lower the value of other properties in the village for residential purposes.

The writ of mandamus is not to issue in a doubtful case. The right to it must be clear and substantially free from doubt. This court has held the remedy in a case of this kind is by *certiorari* to review the decision of the board of appeals. *Cann v. City of Chicago,* 241 Ill. App. 21. This is an attempt to coerce the commissioner by mandamus. Plaintiffs' right to do so is more than doubtful. The judgment will be reversed.

*Reversed.*

McSurely, P. J., and O'Connor, J., concur.