# Richmond

## CITY OF RICHMOND v. SOUTHERN RAILWAY COMPANY.

January 15, 1962.

Record No. 5378.

Present, All the Justices.

*James A. Eichner, Assistant City Attorney (J. E. Drinard, City Attorney*, on brief), for the appellant.

*Thomas B. Gay* and *H. Merrill Pasco* (*Roderick D. Sinclair,* on brief), for the appellee.

WHITTLE, J., delivered the opinion of the court.

On March 20, 1961, Southern Railway Company filed with the State Corporation Commission an application for a declaratory judgment containing two counts. Under Count I it sought adjudication that the City of Richmond must comply with § 25-233, Code of Virginia, 1950,[1] when seeking to condemn property of the Railway, and that the City should not be granted permission under § 25-233 to condemn the property of the Railway along the south bank of the James River in the City for public park purposes since the property is necessary to the discharge by the Railway of its public duties. Under Count II of the application the Railway sought adjudication that the zoning ordinance of the City which prevents the contemplated use of the property by the Railway is invalid and unenforceable.

By its motion to dismiss, the City questioned the Commission's jurisdiction to decide the issues raised by the application. The motion specifically denied the Commission's jurisdiction to determine in such proceeding whether the City must comply with § 25-233 as contended in Count I of the application; and to determine the validity of the zoning ordinance which prevents the Railway from using its property in a manner essential to the proper discharge of its public duties as contended in Count II of the application.

The City asserted in its motion to dismiss that it should not be required to comply with § 25-233 when seeking to condemn the property of the Railway.

By order entered May 18, 1961, the Commission overruled the City's motion *in its entirety,* thus adjudicating that the Commission had jurisdiction to render a declaratory judgment as to whether the City must comply with § 25-233, as contended in Count I of the application. And, according to the interpretation of the parties, the

[1] § 25-233. CONDEMNATION OF PROPERTY OF CORPORATION POSSESSING POWER OF EMINENT DOMAIN.—No corporation shall take by condemnation proceedings any property belonging to any other corporation possessing the power of eminent domain, unless, after hearing all parties in interest, the State Corporation Commission shall certify that a public necessity or that an essential public convenience shall so require, and shall give its permission thereto; and in no event shall one corporation take by condemnation proceedings any property owned by and essential to the purposes of another corporation possessing the power of eminent domain.

Commission also adjudicated that it had jurisdiction to determine the validity of the zoning ordinance, as contended in Count II of the application. The Commission further ruled that the City must comply with § 25-233 before seeking to acquire the Railway property by condemnation. The City has appealed from the Commission's order overruling its motion.

In Count I of the application for the declaratory judgment, after setting out all matters relating to the proposed condemnation by the City, the Railway alleged that an actual controversy with the City existed which entitled it to a judgment declaratory of its rights.

Briefly stated, the Railway alleged that it was informed that the City did not regard itself as subject to Code, § 25-233, and that accordingly the City did not intend to ask permission of the Commission before seeking to condemn the property.

Dealing with Count I of the application the City contends:

I. The Railway has adequate remedies in the courts and therefore the proceeding instituted by it does not fall within the provisions of the Commission's Rule 13.[2]

II. The Commission had no authority under § 155 of the Constitution (which empowers the Commission "to prescribe its own rules of order and procedure") to adopt Rule 13.

III. The Commission has no jurisdiction over the City of Richmond.

IV. The City is not required, under Code, § 25-233, to obtain the permission of the Commission before condemning land owned by public service corporations.

Dealing with Count II of the application, the City contends:

V. The Commission has no jurisdiction to rule on the validity of zoning ordinances.

The instant case and the case of *Boulevard Bridge Corporation* v. *City of Richmond,* Record No. 5377, this day decided, 203 Va. 212, 123 S. E. 2d 636, were pending before the Commission at the same time, and Contentions I, II, III, and IV, raised in Count I of the application, are involved in the *Boulevard Bridge Corporation* case and have been decided adversely to the City's contentions. We deem it unnecessary to repeat the full reasons for our decision, reference being expressly directed to the opinion in the *Boulevard Bridge Corporation* case.

---

[2] *Declaratory Judgments.*—A party having no other adequate remedy may apply for a declaratory judgment under Sections 8-578, 8-580 and 8-585 of the Code of Virginia.

Dealing with Contention I in the instant case, we held in the *Boulevard Bridge Corporation* case that there was no adequate remedy except by declaratory judgment of the Commission; that only the Commission could determine the public necessity issue, and that the Commission's decision as to public necessity under Code, § 25-233 was judicial and not legislative.

Dealing with Contention II, we held that the Commission had authority under § 155 of the Constitution to adopt Rule 13.

Dealing with Contention III we held that the Commission did have jurisdiction over the City of Richmond; that § 156 of the Constitution placed the regulation of public service corporations with the Commission, and that Code, § 15-668 required the City to comply with § 25-233 when condemning land of a public service corporation.

Dealing with Contention IV we held that the City could not condemn the property of a public service corporation without complying with § 25-233 of the Code; that the legislative history shows that the limitations imposed by §§ 15-668 and 25-233 apply to municipalities, and that the proper statutory construction of § 18.02 of the City Charter and § 25-233 of the Code of Virginia requires the City to comply with Code, § 25-233.

We next come to the question raised in Count II of the application (Contention V), which is: Does the Commission have power to hear and determine a controversy concerning the validity of a zoning ordinance which allegedly prevents the Railway from performing its public duties?

It is disclosed in the application for the declaratory judgment that the Railway has owned land on the south bank of the James River in the City for several years. In April, 1960, it acquired additional property adjacent to its then holdings. In July, 1960, the Railway began filling and grading on the property in preparation for the construction of an extension of its yard tracks and appurtenant facilities for the storage and handling of its trains.

The application alleged that this undertaking was necessary for the Railway adequately to perform its public duties and render safe and efficient railway transportation service; that the longer trains permitted by modern development in railroad operations cannot be accommodated efficiently in the Railway's existing yard; that there is no available property suitably located for the construction of the additional track facilities other than the property in question; that after the filling and grading operations had been underway for several months the City, on January 9, 1961, adopted Ordinance No. 60-373,

authorizing and directing the acquisition of the property by gift, purchase, condemnation or otherwise for public park purposes.

It was alleged that the property in question is zoned for residential use under the City's General Zoning Ordinance No. 60-141-146, adopted June 1, 1960. The property was in the same general classification under prior zoning ordinances. Section 39-12 of the zoning ordinance adopted June 1, 1960, described one of the permitted uses in residential districts as follows: "(9) Rights of way and easements for public transportation and for public utilities." This section was amended by Ordinance No. 60-326, adopted December 12, 1960, by adding the following language to § 39-12: "but not including railroad yards or yards for marshalling or classifying railroad cars, tracks for storage or parking railroad cars or trains of cars, freight depots or stations, loading platforms, trainsheds, car or locomotive shops, motor vehicle repair shops or storage yards, generating plants or transformer stations."

The Railway's application charged that this amendment was intended to prevent the Railway from using the property for the purposes indicated. The Railway therefore alleged the fact of a second existing controversy with the City.

The application stated that the City had threatened to attempt to enjoin the construction of the facilities on the property in question, in the belief that the Railway's use of the property would violate the amendment to the zoning ordinance, and stated that such action would prevent the Railway from performing its public duties which the Commission is required to enforce "pursuant to its supervisory control over public service corporations."

It is agreed by both litigants that the Commission has determined that it had jurisdiction to decide the zoning issue raised by Count II in the Railway's application for a declaratory judgment since the City's motion to dismiss specifically raised the issue and the Commission's order overruled the motion in its entirety.

The City contends the Commission has no such jurisdiction. The Railway argues that the Commission's statewide regulatory authority over public service corporations includes jurisdiction to decide the zoning issue.

The question is one of first impression in Virginia.

It is true that the Commission is charged under § 156 of the Constitution with the duty of supervising, regulating and controlling all transportation companies doing business in the State in matters relating to the performance of their public duties. It is also true that in some

States the regulation of public utility facilities is taken from local zoning authorities and placed entirely within the power of the State regulatory body. 2 Rathkopf, Law of Zoning and Planning, page 72-7. But the vesting in the Commission of control over public utilities does not, without more, take from the local governments the powers conferred upon them by zoning statutes. *Wolf* v. *Village of Mt. Prospect*, 314 Ill. App. 23, 40 N. E. 2d 778.

The enactment and enforcement of zoning regulations are an exercise of the sovereign power of the State. In Virginia this police power in both its aspects has been delegated to counties, cities and towns. Code, §§ 15-819, 15-844. Neither the enactment nor the enforcement of zoning regulations has been delegated to the Commission by the Constitution or legislative act.

Since no constitutional or statutory jurisdiction is given the Commission, the validity of a zoning regulation as applied to a public service corporation is for the determination of courts of general jurisdiction.

The Legislature of Virginia has not granted the State Corporation Commission statewide power to regulate the use of lands owned by public service corporations. So far it has left this to local governing bodies and has provided adequate remedies for testing the validity and applicability of zoning ordinances in courts of general jurisdiction, with the right of appeal.

In the instant case, if the Railway desires to use its property in the City of Richmond for a purpose forbidden by the zoning ordinance but reasonably necessary for the public convenience and welfare, it may have the validity of the ordinance challenged in the proper court or seek a variance from the Board of Zoning Appeals under § 17.20(d)(1) of the City Charter, with appeal to the Law and Equity Court under §§ 17.22 to 17.24, (Acts 1948, pp. 254-57.) *Wicker Apartments* v. *City of Richmond*, 199 Va. 263, 99 S. E. 2d 656.

If it be desirable that the State Corporation Commission be given the right to resolve zoning questions where public service corporations are involved, such jurisdiction should be granted by the legislature and not by the courts.

We hold that the Commission's order overruling the City's motion to dismiss the application was correct insofar as Contentions I, II, III, and IV (Count I of the application) are concerned, but that the Commission was in error in assuming jurisdiction over Question V (Count II of the application) relative to the zoning ordinance.

The Railway having substantially prevailed on this appeal, the costs are assessed against the City.

For the foregoing reasons the Commission's order is affirmed in part, reversed in part, and the case remanded.

*Affirmed in part; reversed in part; and remanded.*