## Richmond

**BOARD OF ZONING APPEALS OF ROANOKE COUNTY, ET AL. v. BLUE RIDGE STONE CORPORATION.**

**A. M. EVANS, ET AL. v. BLUE RIDGE STONE CORPORATION.**

March 10, 1969.

Record Nos. 6843, 6844.

Present, All the Justices.

*Robert C. Fitzgerald* (*Raymond R. Robrecht, Commonwealth's Attorney; Fitzgerald and Smith*, on brief), for appellants in Record No. 6843.

*Furman Whitescarver, Sr.* for appellants in Record No. 6844.

*R. S. Kime; Joseph W. Smith* (*Kime, Jolly & Clemens; Hazlegrove, Carr, Dickinson, Smith & Rea*, on brief), for appellees in Record Nos. 6843 and 6844.

BUCHANAN, J., delivered the opinion of the court.

These are appeals from a decree of the Circuit Court of Roanoke County which held that the zoning ordinance of the county did not prohibit Blue Ridge Stone Corporation, herein called Blue Ridge, from continuing quarrying operations on one of three tracts of land under its contract with Adams Construction Company.

Adams Construction Company, a partnership, referred to herein as Adams, is engaged in road building which requires large quantities of stone. Adams does not ordinarily operate stone quarries but concerns itself with searching for available stone deposits. Sometime prior to the construction of Interstate 81 in the Roanoke area, Adams, in June 1959, purchased a stone-bearing tract of 130 acres, referred to as the Thomas tract. In drilling on this tract Adams found that the rock deposit continued into two adjoining tracts, referred to as the Todd tract and the France tract. In December 1959, Adams purchased the stone in place on six acres of the Todd tract, which adjoined the Thomas tract; and in April 1960, Adams purchased the stone in place on about four acres of the France tract, which adjoined the Todd tract.

By agreement dated June 23, 1960, Adams conveyed to Blue Ridge its interest in the Todd and France tracts and the exclusive right to quarry stone from the Thomas tract if the stone on the other two tracts was exhausted before the interstate highway was completed (extended to ten years by a supplemental agreement dated September 1, 1962), together with the right to install on the Thomas tract all machinery, crushing plant and structures convenient for processing and storing stone from the Todd, France and Thomas tracts.

Shortly after the execution of the above agreement, Adams constructed on the Thomas tract an asphalt plant for the treatment of stone furnished by Blue Ridge and used by Adams in its road-building work, and it has been continuously operated to the time of the decree appealed from in this case.

It developed in the fall of 1963 that the stone supplied by Blue Ridge from the Todd and France tracts was not sufficient to meet the needs of Adams in its road-building contract. Adams then requested and received from Blue Ridge permission to quarry stone from the Thomas tract to meet Adams' needs. Adams accordingly employed Ararat Stone Company to quarry and stockpile from

the Thomas tract the required stone. Ararat quarried stone from the Thomas tract until about May 15, 1964, and then vacated the premises.

In the spring of 1965, Blue Ridge had finished its quarrying from the Todd and France tracts and in June of that year it was preparing to move its equipment to the Thomas tract. Before that was accomplished, however, the administrator of the zoning ordinance of Roanoke county notified Blue Ridge, by letter of August 30, 1965, that since the quarry on the Thomas tract had not been operated for more than a year, it could not under the provisions of the zoning ordinance be reopened.

Blue Ridge thereupon ceased its operations and filed its appeal to the Board of Zoning Appeals. It stated therein, among other things, that the stone deposit and other rights which it acquired under the agreement of June 23, 1960, with Adams, i.e., on the Thomas, Todd and France tracts, constituted one area and that this area had been continuously used without interruption for the purpose for which it was zoned, and that its intention was to quarry the same as one area, exhausting first, as it was required to do, the stone on the Todd and France tracts. A hearing was had on November 22, 1965, before the Board of Zoning Appeals, consisting then of four members, one member being absent. Evidence was introduced and at its conclusion the board was evenly divided, two voting to permit Blue Ridge to continue operating and two voting that it not be allowed to do so.

Thereafter, on petition of Blue Ridge, the court below ordered the issuance of a writ of certiorari, according to the provisions of Code § 15.1-497, to which return was made and the court entered a decree referring the cause to one of its commissioners, who was directed to report whether Blue Ridge had the right to continue on the Thomas tract or had lost its right under paragraph 9-2-6 of the county zoning ordinance. The commissioner was directed to take evidence, consider the pleadings and exhibits and also the evidence before the Board of Zoning Appeals.

The commissioner filed his report on October 11, 1966. He said that the facts were not in dispute, and stated them to be about as set out above, with the following in addition:

The Roanoke County Zoning Ordinance was adopted April 18, 1960, and the Thomas, Todd and France tracts were zoned "Industrial District M-2". The three tracts are shown on a map in the

record as they adjoin each other. Section 9-1-12 of the ordinance* provides that "stone works, quarries, crushing plants, asphalt plants, and mining operations" are permitted uses in Industrial District M-2, and § 9-2-6 of the ordinance further provides:

"In any Industrial M-2 area where the operation of quarries, stone works, crushing plants, asphalt plants, and mining operations has been undertaken and discontinued for a period exceeding one year, said operations shall not be resumed, nor shall said areas be used for any of the other permitted uses in Industrial District M-2."

At the time of the adoption of the ordinance there were no stone quarries, crusher plants, mining operations or asphalt plants in operation on the Thomas, Todd or France tracts. Quarrying and asphalt plant operations were contemplated, however.

Shortly after the agreement of June 1960, between Adams and Blue Ridge, Adams located its asphalt plant on the Thomas tract so as to operate efficiently with stone taken from the Thomas, Todd and France tracts. Blue Ridge's evidence is that it considered the Thomas, Todd and France tracts as one area, and it intended to quarry the Todd and France tracts first and then move over to the Thomas tract.

The commissioner then refers to the permission granted by Blue Ridge to Adams in the agreement of September 1, 1962, to quarry stone on the Thomas tract to supplement Blue Ridge's production on the other two tracts and to the fact that Ararat quarried, processed and stockpiled a large quantity of stone for Adams which it has continued to use in its road construction and asphalt surfacing business, and that a part of the stockpile is still on the Thomas tract.

The commissioner then states that the sole issue is whether Blue Ridge has lost its rights by the discontinuing of quarrying on the Thomas tract for more than one year, as to which Blue Ridge contends: (1) that paragraph 9-2-6 of the zoning ordinance is not applicable; and (2) that this paragraph is arbitrary and unreasonable and lacks certainty and definiteness.

The commissioner agreed with the second contention and found

---

* The ordinance is not exhibited in either the printed or the manuscript record, but the accuracy of the quotations from it seems not to be questioned.

that paragraph of the ordinance to be indefinite and uncertain and therefore invalid. Accordingly he reported that Blue Ridge has the right to commence and continue its quarrying and crushing operations on the Thomas tract.

The board and administrator filed exceptions to the commissioner's report, as did the intervenors in Record No. 6844, none of which is printed. Thereafter, the court filed a written opinion holding that the exceptions should be overruled and the report of the commissioner confirmed.

The court agreed with the commissioner that the zoning ordinance was vague and indefinite with respect to the meaning of "area," in paragraph 9-2-6, and that the said paragraph was void for uncertainty.

The court concluded that under all the circumstances of the case Blue Ridge should be granted the required permit "to proceed with quarrying operations over the lands in question."

Accordingly the court entered the decree of March 14, 1967, appealed from, stating its opinion that paragraph 9-2-6 of the zoning ordinance is vague and indefinite and is subject to diverse and conflicting interpretations and is plural in its application, "and further that it clearly appears from the evidence in this case that there was never a cessation in quarrying, crushing or in the operation of the asphalt operations discontinued for a period exceeding one year on the three combined tracts of land known as the Todd tract, the France tract and the Thomas tract, all of which contiguous tracts were acquired by plaintiff either by lease or purchase, and the Court doth so find, and it is thus so ADJUDGED, ORDERED and DECREED."

On August 2, 1966, two months after the decree of reference to the commissioner had been entered, A. M. Evans and others, appellants in Record No. 6844, presented a "Petition of Intervention and Motion to Dismiss," stating that after appearing and actively participating in the hearing on November 22, 1965, before "what was supposed to be" the Roanoke County Board of Zoning Appeals, "it was determined" that the board was not legally constituted, not having been appointed by the court as required by § 15.1-494 of the Code, as amended. By order of August 2, 1966, the petition and motion to dismiss were filed and the motion to dismiss was overruled. In its opinion the court stated:

"* * It is true that the Board of Zoning Appeals was appointed

by this Court pursuant to the request of the Board of Supervisors after these proceedings were pending, nevertheless, the same persons, who were ostensibly acting as a Board of Zoning Appeals at the time of the decision in question, were appointed by this Court, and it is logical to assume that their holding would be the same if the matter came before the Board again for another hearing. * *" And the court added: "* * certainly the Defendants should not now be permitted to complain of their own failure to comply with the Code provisions as to the appointment of a Board of Zoning Appeals. * *"

In any event it is provided in § 15.1-429 of the Code that "boards of zoning appeals heretofore established shall continue to operate as though created under the terms of this chapter [ch. 11]."

There was no error in this ruling of the court.

The other assignments of error to the court's decision by the intervenors and by the Board of Zoning Appeals and the administrator are, in substance, first, that the court below did not have jurisdiction to review the legality of the Roanoke county zoning ordinance. The court did not undertake to review the legality of the ordinance as a whole. Its review was of the decision of the board that under paragraph 9-2-6 Blue Ridge was barred from quarrying stone on the Thomas tract of land under its contract with the owner of the tract. That jurisdiction was conferred explicitly by § 15.1-497 of the Code, in which it is provided that the court "may reverse or affirm, wholly or partly, or may modify the decision brought up for review."

Appellants' second assignment of error is to the holding that the term "area" as used in § 9-2-6 of the zoning ordinance was so vague and indefinite as to render that section of the ordinance invalid. In support of this assignment, appellants assert that § 15.1-497 does not give the court jurisdiction to review the zoning ordinance upon which the board's decision was based, but that "the power granted to the court is *only* that of reviewing the decision of the Board of Zoning Appeals, not the ordinance."

Here the court undertook to review the decision of the board that paragraph 9-2-6 of the ordinance as written prohibited Blue Ridge from operating a quarry on the Thomas land. It was construing the ordinance as enacted by the Board of Supervisors, not questioning the power of the board to enact it. In determining the

meaning of the paragraph the court concluded that the word "area" was too indefinite to afford a means of determining what it included, and hence that the paragraph was "void for uncertainty".

This court has not previously dealt with the specific question of the power of the court on an appeal from a board of zoning appeals to make such an adjudication, and other courts have disagreed about it. See "Fundamentals of Zoning Law," 46 Va. Law Rev. 362; 58 Am. Jur., Zoning, § 232, p. 1063; Rathkopf, The Law of Zoning and Planning, Vol. 2, ch. 63, p. 63-7; *Carter* v. *City of Bluefield*, 132 W. Va. 881, 54 S. E.2d 747; *Union Trust Company* v. *Lucas*, (Fla. Dist. Ct. of App. 1960), 125 So.2d 582. Cf. *City of Richmond* v. *Southern Ry. Co.*, 203 Va. 220, 225, 123 S.E.2d 641, 645; and see *Ciaffone* v. *Community Shopping Corp.*, 195 Va. 41, 48, 77 S.E.2d 817, 821.

In the present case we do not find it necessary to decide whether the trial court had jurisdiction to declare paragraph 9-2-6 of the zoning ordinance void for uncertainty. While expressing that opinion, the court in the decree appealed from held that said paragraph was not applicable to Blue Ridge because it clearly appeared from the evidence that it had not discontinued the operation of quarries, crushing plants and asphalt plants for a period exceeding one year on the contiguous and combined tracts of land known as the Todd, France and Thomas tracts. Therefore, said the court, Blue Ridge had the right to proceed with its quarrying, stone crushing and asphalt plant operations thereon.

We agree with that holding. The evidence clearly established that these three tracts constituted one body of land, grouped by its owner and included in one contract which granted the right to Blue Ridge to quarry the stone from a vein that ran through the three tracts, and to use the surface of any or all for the purpose of crushing the stone, treating it and stockpiling it to meet the needs of the owner in its road-building business.

The contract required that Blue Ridge first quarry the stone on the two small Todd and France tracts. While it was doing so, Adams needed more stone than Blue Ridge was producing, and at the request of Adams Blue Ridge agreed that Adams could quarry stone from the Thomas tract for its purposes. Adams contracted with Ararat to do the work, and it quarried enough stone to meet Adams' needs and then moved away. When Blue Ridge completed its quarrying on the two small tracts it prepared to begin quarrying

on the Thomas tract in accordance with its contract and its plan but was stopped by the administrator of the zoning ordinance.

At that time Blue Ridge was not prohibited from quarrying on the Thomas tract by the terms of paragraph 9-2-6. It had not then undertaken any quarrying on that tract and it had not discontinued for a period exceeding one year its operation of quarries, crushing plants and asphalt plants on the area of which the Thomas tract was a part. It is clear, we think, that the prohibition of paragraph 9-2-6 did not by its terms or by its intent apply to the quarrying by Blue Ridge of the stone on the Thomas tract in accordance with its contract with Adams, the owner.

The decree appealed from, which permitted Blue Ridge to proceed with its quarrying and other operations on the Thomas tract, is therefore

*Affirmed.*

JUSTICES CARRICO and GORDON concur in result.