# 𝔚𝔶𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

GLOUCESTER REALTY CORP., ET ALS. V. CLINTON W. GUTHRIE.

June 22, 1944.

Record No. 2828.

Present, All the Justices.

The opinion states the case.

*Catesby G. Jones* and *W. M. Minter*, for the appellants.

*Charles S. Smith, Jr.*, for the appellee.

GREGORY, J., delivered the opinion of the court.

On November 30, 1926, Thomas Guthrie and several others executed a deed of trust to George P. DeHardit, trustee, conveying their respective tracts of land located in Gloucester county, for the purpose of securing the payment of certain obligations. Later Thomas Guthrie died intestate, survived by four children. After his death default was made in the payment of the obligations secured in the deed of trust, and the trustee therein sold the land formerly owned by Thomas Guthrie at public auction on May 16, 1942. At the sale the Gloucester Realty Corporation became the purchaser.

Clinton W. Guthrie, the appellee, who had inherited a one-fourth undivided interest in the property, and who had agreed to purchase the other interests in the property formerly owned by Thomas Guthrie brought a suit in equity to set aside the trustee's sale of the property upon the sole ground that the sale had not been advertised once a week for four successive weeks in a newspaper as required by the 1940 amendment of Code, sec. 5167 (Michie), which amendment was in force and effect at the time of the sale but not at the time the deed was made. At the time the deed was made in 1926, section 5167 did not require a newspaper advertisement. It only required such reasonable advertisement as the trustee might elect in the absence of some other method prescribed in the deed.

Code, sec. 5167, as it existed in 1926, was expressly referred to, incorporated in and made a part of the deed of trust. Its provisions thereby became a material portion of the contract between the parties.

The defendants in the court below demurred to the bill of complaint, upon the ground that the 1940 amendment to section 5167 was inapplicable, for the reason that the deed of trust had been executed in November, 1926, many years prior to the effective date of the amendment, and that the deed embodied an agreed method of advertisement in event of sale.

Upon the hearing on the demurrer the chancellor at first sustained it and dismissed the bill. Later he reconsidered his decision, reversed it, and overruled the demurrer. By the decree the sale was set aside and declared invalid for the reason that it had not been advertised in a newspaper as required by the 1940 amendment to section 5167.

The determinative question is whether the sale should have been conducted by the trustee in accordance with the terms of the deed of trust, which adopted the method of advertisement provided in section 5167 as it existed at the time the deed of trust was executed in November, 1926, or should have been conducted in accordance with the terms of the 1940 amendment, which provides a different method of advertisement.

The deed of trust, as we have seen, provided that in case of sale it should be made under the provisions of section 5167 of the Code, and at that time subsection 6 of that section provided that, in the event of default, the sale should be made, unless otherwise provided in the deed, "upon such terms and conditions as the trustee may deem best, after first advertising the time, place and terms of sale in such manner as the deed may provide, or, if none be provided, *then in such reasonable manner as the trustee may elect,* no notice to the grantor or his successor in title being required". (Italics added.)

The 1940 amendment which the chancellor below applied provides that in event of default the trustee shall sell the property at auction "upon such terms and conditions as the trustee may deem best after first advertising the time, place and terms of sale in such manner as the deed may provide, or, if none be provided, after first advertising the time, place and terms of sale *once a week for four successive weeks in a newspaper published or having general circulation in the county* * * ." (Italics added.)

The legislature, in the enactment of the amendment, did not employ express language making it apply to deeds of trust made before its effective date. The words used are not those usually employed when the legislature intends an

enactment to have a retrospective effect. It was not expressly made applicable to deeds of trust "heretofore and hereafter made", as is usual in retrospective statutes. The absence of apt language making the amendment apply to those instruments executed prior to its effective date rather clearly demonstrates that it was not the intent of the legislature that it should apply to such prior instruments. "It is reasonable to conclude that the failure to express an intention to make a statute retroactive evidences a lack of such intention." *Ferguson* v. *Ferguson*, 169 Va. 77, at p. 87, 192 S. E. 774.

It is elementary that retrospective statutes affecting past transactions are not generally favored by the courts. A settled rule of construction is that they are not to be construed retrospectively unless plainly so intended. See Lile's Notes on Statutes, page 6. There is a presumption that statutes operate prospectively. Digest of Va. and W. Va. Reports, Vol. 2, p. 717. However, the rule is somewhat relaxed in cases of statutes classified as remedial, or where they only affect questions of procedure. "Remedial statutes which neither create new rights nor take away vested ones are not within the strict application of the rule." 25 R. C. L. 790. However, this latter rule has no application to the case at bar because here contract rights are involved.

In *Ferguson* v. *Ferguson, supra,* Justice Spratley speaking for the court at page 87 concludes: "Therefore, rights accrued, claims arising, proceedings instituted, orders made under the former law, or judgments rendered before the passage of an amended statute will not be affected by it, but will be governed by the original statute, unless a contrary intention is expressed in the later statute." (Citing cases.)

And on pages 85 and 86 it was said that the general principle has been given statutory approval in Virginia. "Our legislature has expressly declared in Virginia Code 1936, section 6, a rule of construction for all new statutes, as follows: 'No new law shall be construed to repeal a former law, * * * as to any act done, * * * or any right accrued, or claim arising under the former law, or in any

way whatever to affect any such * * * act so committed or done * * * or any right accrued, or claim arising under the former law, or in any way whatever to affect any such * * * act so committed or done, * * * or any right accrued, or claim arising before the new law takes effect; save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings; * * * .' "

Our conclusion is that the legislature, by the amendment of 1940, did not intend that its provisions should affect deeds of trust similar to the one involved in this case, executed prior to the effective date of the amendment, and which embodied agreed terms of sale and an agreed manner of advertisement in event of foreclosure.

The rights of the maker of the deed of trust, and those who now claim under him, must be measured by the terms of that instrument. As already stated, by expressly incorporating Code, sec. 5167 in the deed, it became a part of the contract of the parties by mutual agreement. The mode of advertisement in the event of foreclosure was provided in the deed by the incorporated section 5167. Therefore, the mode agreed upon in the deed was that it should be advertised "in such reasonable manner as the trustee may elect". This was a part of the adopted pertinent language of section 5167, as it was at the time the deed was made. This term of the contract was an important one, and one the maker of the deed could have insisted upon in the event of foreclosure. He could not have insisted upon the provision for advertisement as provided in the 1940 amendment, for this would have varied the contract. He acquired no new or added right by virtue of the amendment. It was not a part of his contract. As seen, it provided for an advertisement once a week for four successive weeks in a newspaper. The parties to the deed never agreed to such an advertisement.

It will not be presumed that the legislature would intentionally and advisedly amend a statute that would so materially affect such an important contract right. Unless

such a presumption is indulged in this case, there is no support for any such legislative intent, for there is no statutory language that discloses it. The legislature will never be presumed to have enacted an unconstitutional statute. "The general rule is that no statute, however positive in its terms, is to be construed as designed to interfere with existing contracts, rights of action, or suits, and especially vested rights, unless the intention that it shall so operate is expressly declared; the courts will apply new statutes only to future cases unless there is something in the very nature of the case, or in the language of the new provision, which shows that they were intended to have a retrospective action." Digest of Va. and W. Va. Reports (Michie), Vol. 9, p. 60, citing numerous cases. (See correction noted in Permanent Supplement, Vol. 5, p. 493.)

Counsel for appellee vigorously argues that the parties did not agree in the deed on the method of advertisement in event of sale, and, therefore, the discretion placed in the trustee arises by operation of law and not by contract. This argument is not based on the facts. To reiterate, the parties did agree on this term by adopting in the deed the method of advertisement provided in section 5167 as it stood in 1926. The discretion of the trustee in the matter of advertisement was one of the terms of the contract. His duties are to be measured by the deed of trust alone. One of his agreed duties was to exercise a reasonable discretion in properly advertising the sale. That he has done this is not questioned.

The demurrer to the bill of complaint should have been sustained and the bill dismissed. A decree to that effect will be entered in this court.

*Reversed and final decree.*