## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Tracy Mitchell

v.

C. Peyton Lee et al.

January 3, 1969

By JUDGE A. CHRISTIAN COMPTON

Attached you will find a copy of the order entered today overruling the plea in abatement of the defendants, Lee and Jones.

The issue is whether the venue laid in this Court is proper under Code Section 8-38(6b) which was enacted by the 1968 General Assembly and became effective before this suit was brought but after the cause of action arose.

The said defendants rely on the general rule and urge that the venue is not proper because the statute does not apply to a cause of action already existing when the statute became effective. This position is not well taken. "The general rule is that no statute, however positive in its terms, is to be construed as designed to interfere with existing contracts, rights of action, or suits, and especially vested rights, unless the intention that it shall so operate is expressly declared." 17 M.J., Statutes, Section 73, p. 334, ftn. 4, and cases cited therein. This general rule of prospective construction is approved by statute. Code Section 1-16. But the cases decided under this general rule, including the Virginia cases relied on by the defendants, do not involve a venue statute as is here under consideration. (No such

case decided by our Court of Appeals has been cited nor has the court been able to find one.)

This general rule "is somewhat relaxed in cases of statutes classified as remedial, or where they only affect questions of procedure. 'Remedial statutes which neither create new rights nor take away vested ones are not within the strict application of the rule.' " Gloucester Realty Corp. v. Guthrie, 182 Va. 869, 873 (1944); 17 M.J. Statutes, page 335, ftn. 10. See also Miller Jones v. Commonwealth, 88 Va. 661, 664 (1890). The type of statute here brings this case within this qualification of the general rule. The legislature has merely increased or enlarged the remedy accorded to plaintiffs in a tort action brought against an unknown motorist under the Virginia Uninsured Motorist Act. No vested right or contract right or right acquired under the former law is disturbed, as was the case in Ferguson v. Ferguson, 169 Va. 77 (1937), and Guthrie (supra) relied on by the defendants. While the defendants, under the venue statutes, have the privilege of being sued only in the place or places prescribed therein, they had no vested right in the remedy in effect at the time this cause of action arose. 50 Am. Jur., Statutes, Section 482, pp. 505, 506, ftns. 18, 19, 20, 1, 2, 3, 4 and 5.

This retroactive operation and effect of the venue statute is the subject of the annotation found in 41 A.L.R.2d 798. The writer there states at page 798 that "[w]here a venue statute is silent as to its retroactive operation, the courts agree that, as a matter of construction, it is applicable to causes of action accrued prior to, but sued upon after its effective date . . ." (emphasis added). State ex rel. Le Neve v. Moore, 408 S.W.2d 47, 49 (Mo. 1966); Brown v. Indemnity Insurance Co. of North America, 108 So.2d 812, 814-816 (La. 1959). See also 82 C.J.S., Statutes, Section 423, p. 1000. This is precisely the situation in this case and therefore this remedial statute which does not violate any vested right of the defendants should be given a retroactive effect.

These defendants also assert that even if the statute operates retroactively, the venue is not properly laid here because the fictitious defendant, John Doe, has been joined with resident individual defendants and therefore the place of venue should be either where the cause of action arose or where one of the individual defendants resides. A mere reading of the statute discloses that this argument must fail. No qualification is made in the statute to cover the case where resident individual defendants are joined with John Doe at the residence of the plaintiff. The language is clear that if the action "be to recover damages for personal injury . . . under the provisions of Section 38.1-381(e) of the Code of Virginia, [it may be brought] wherein the plaintiff resides . . . ." The statute does not have the added provision after the word "resides" of "if there are no resident individual defendants joined with John Doe," or words to that effect. For this argument of the defendants to be sustained, it would be necessary to read a provision into the statute which is not found therein. This the Court is not willing to do.