209 S.E.2d 925 (1974)
CHESTERFIELD CIVIC ASSOCIATION, et al.
v.
BOARD OF ZONING APPEALS OF CHESTERFIELD COUNTY, Virginia, and W. S. Carnes.
Supreme Court of Virginia.
December 2, 1974.
Kelly E. Miller, Paul D. Stotts, Richmond, for appellants.
John E. Dodson, Morris E. Mason, Asst. Commonwealth's Atty., for Chesterfield County, for appellees.
Before I'ANSON, C. J., and CARRICO, HARRISON, COCHRAN, HARMAN, POFF and COMPTON, JJ.
COMPTON, Justice.
The controlling question in this zoning controversy is whether the Board of Zoning Appeals had the power to grant an application for a multiple-family dwelling use permit when, subsequent to the filing and prior to the approval, the Board of Supervisors amended the zoning ordinance and reserved unto itself the right to issue such use permits.
The Chesterfield Civic Association and a number of individual homeowners (petitioners) filed in the trial court a petition for a *926 writ of certiorari,[1] seeking a review and reversal of the action of the Chesterfield County Board of Zoning Appeals (Zoning Board) which granted to W. S. Carnes a use permit for development of a parcel of land in Chesterfield County. The Zoning Board and Carnes were joined as parties defendant in the petition below. Upon consideration of the record of the proceedings before the Zoning Board, the trial court, after hearing additional evidence ore tenus, affirmed the decision of the Zoning Board.
We granted the petitioners an appeal limited to the consideration of two assignments of error. Only the first assignment of error, which raised the foregoing question, will be discussed for the decision thereon moots consideration of the second.
The evidence shows that on March 13, 1972, Carnes filed a written application with the Zoning Board requesting a use permit to allow the construction of multiple-family dwellings on a tract of land zoned for agricultural use. At that time, the county zoning ordinance provided for the Zoning Board to hear and decide such applications for permits for the special use contemplated. The application was scheduled for a public hearing to be held April 5, 1972, and the notices advertising such hearing were sent out.
The consideration of the application was deferred to May 3, 1972, upon Carnes' written request dated March 28, 1972, which stated that "this request is necessary in order that we might complete our engineering studies, site layouts and so forth."
On April 12, 1972, the Chesterfield County Board of Supervisors amended and re-enacted the applicable sections of the zoning ordinance to provide that the Board would grant or deny applications for use permits for multiple-family dwellings. The ordinance was considered by the County Planning Commission on March 21, and on March 29 and April 5 was advertised for a public hearing by the Board of Supervisors. It was silent as to the disposition of applications for such use permits pending before the Zoning Board.
The Zoning Board, after the public hearing on Carnes' application, granted the use permit on May 3, 1972, subject to certain specified conditions not here relevant. The petitioners then filed this proceeding in the trial court on June 1, 1972.
The petitioners argue here, as they did unsuccessfully before the trial court, that the Zoning Board lacked the power to dispose of Carnes' application on May 3, 1972, because the action of the Board of Supervisors taken on April 12, 1972, ousted the Zoning Board's authority over applications, including pending applications, for multiple-family dwelling use permits.
Carnes argues that the Zoning Board is a quasi-judicial body and, therefore, a change in the law which eliminates its power to grant this type of use permit did not divest it of the authority to act upon applications pending before it at the time of the change. He relies upon cases dealing with changes in and loss of jurisdiction by pure judicial bodies, e. g., M'Laughlin v. Bank of Potomac, 48 Va. (7 Gratt.) 68 (1850), and contends that the rights of the parties should be decided according to the law as it existed when the application was filed, there being no clear intention in the ordinance that the legislation was retroactive. See Burton v. Seifert & Co., 108 Va. 338, 61 S.E. 933 (1908).
The Zoning Board also argues that the amended ordinance does not have retroactive effect. In addition, it invites us to decide whether the validity of a zoning ordinance may be adjudicated under a writ of certiorari, referring us to Board of Zoning Appeals v. Blue Ridge, 209 Va. 594, 600, 166 S.E.2d 237, 242 (1969) wherein we found it unnecessary to decide that issue.
We decline this invitation of the Zoning Board. The "validity" of this ordinance, that is, whether it has "legal strength or *927 force" and whether it is "incapable of being rightfully . . . set aside," Webster's Third New International Dictionary 2529, 2530, is not the issue here. The question is whether the changed ordinance is to be applied  brought to bear  upon Carnes' pending request.
Elementary principles should be reviewed. In Virginia, as elsewhere, zoning is a legislative power residing in the state, which may be delegated to cities, towns and counties. Andrews v. Board of Supervisors, 200 Va. 637, 639, 107 S.E.2d 445, 447 (1959). The governing bodies of counties in Virginia are authorized by statute to enact local zoning ordinances, Code § 15.1-486, and they are empowered to reserve unto themselves "the right to issue . . . special exception[s] or use permit[s]." Code § 15.1-491(c).
In this case, at some time before Carnes filed the application in question, the Board of Supervisors of Chesterfield County, in order to administer this legislative function, by ordinance properly granted to the Zoning Board the power to hear and decide applications for use permits for construction of multiple-family dwellings. Code § 15.1-495(c). Here, the issuance of a use permit, including the hearing and determination of the application therefor, is purely a legislative function. Furthermore, the Zoning Board's delegated power to issue use permits depended entirely upon the mandate of the Board of Supervisors and could be revoked by ordinance at any time. See Code § 15.1-491(c), supra.
The foregoing settled principles dictate the holding that when the pertinent zoning ordinance in this case was adopted on April 12, 1972, the Zoning Board on that day[2] lost all power and authority to administer the legislative function in question. Therefore, it had no power or authority on May 3, 1972, to grant Carnes' use permit. A statutory amendment accomplished a procedural change. Under settled rules of construction, the new law, not the former, governed the proceedings on May 3. Code § 1-16; Boggs v. Board of Dental Examiners, 213 Va. 751, 754, 196 S.E.2d 81, 84 (1973); Terry v. McClung, 104 Va. 599, 601, 52 S.E. 355, 356 (1905). See also Annot., 50 A.L.R.3d 596 and Annot., 169 A.L.R. 584.
The judicial function is not involved nor is the presumption against retroactive legislation, and the cases relied upon by the defendants dealing with those subjects have no application. This is simply a matter of the valid exercise of legislative power and prerogative which has resulted here in a change in the procedure for granting use permits for construction of multiple-family dwellings. The local governing body's power to legislate is not reduced by an application for a permit. 1 Anderson, American Law of Zoning, § 4.30 at page 213.
The order of the trial court is reversed and the action of the Board of Zoning Appeals of Chesterfield County granting the use permit in question is rendered null and void.
Reversed and final judgment.
NOTES
[1] Code § 15.1-497.
[2] No effective date was fixed by the ordinance so it became effective upon adoption. Code § 15.1-504.