## CIRCUIT COURT OF THE CITY OF LYNCHBURG

William B. Mull

v.

General Motors Corp.

August 4, 1989

Case No. CL890-14551

By JUDGE MOSBY G. PERROW, III

The Court must decide whether the amendments effective July 1, 1988, to the Motor Vehicle Warranty Enforcement Act, Virginia Code §§ 59.1-207.9, *et seq.*, hereafter "the Act" or "the statute," are to be applied in the present case prospectively or retroactively. The Court has carefully considered the oral argument and memoranda of counsel, and the matter is ready for decision.

The plaintiff purchased a General Motors demonstrator on December 31, 1987. The demonstrator was under an express manufacturer's warranty at the time of purchase. The plaintiff has alleged that the car had a defect or condition covered by the warranty; that the defect significantly impaired the use, market value, and safety of the car; that the defect was reported to the manufacturer in a timely manner; and that the manufacturer or its agent has been unable to repair or correct the defect after a reasonable number of attempts to do so. These allegations are not challenged by the manufacturer for the limited purpose of resolving the issue raised.

The plaintiff maintains that the rights, remedies, duties, and obligations of the parties under the manufacturer's express warranty are to be determined by the amended statute effective July 1, 1988, since his cause of action accrued after that date. On March 14, 1989, plaintiff's counsel wrote to the manufacturer to advise that the manu-

facturer's agent had been unable to repair or correct the defect after a reasonable number of attempts to do so and to demand that the defect be corrected within fifteen days or his client would choose to return the demonstrator for a refund. The manufacturer maintains that the rights, remedies, duties, and obligations of the parties under the manufacturer's express warranty are to be determined by the statute as it existed at the time the demonstrator was purchased and warranty given.

"There is a presumption that statutes operate prospectively," *Gloucester Realty Corp. v. Guthrie*, 182 Va. 869, 873 (1944). "Courts do not look with favor upon retroactive and retrospective laws, and a *statute is always to be construed as operating prospectively, unless a contrary intent is manifest*," *Whitlock v. Hawkins*, 105 Va. 242, 249 (1906) (emphasis supplied). The General Assembly has adopted as a rule of statutory construction that "[n]o new law shall be construed to repeal a former law . . . as to any act done . . . or any right accrued, or claim arising under the former law, or in any way to affect any such . . . act . . . done . . . or any right accrued, or claim or claims arising before the new law takes effect . . . ." Virginia Code § 1-16. Remedial legislation "may, *where the legislative intent to do so is clear*, be applied retrospectively, subject to well defined limitations," *Harbour Gate Owners' Ass'n v. Berg*, 232 Va. 98, 103 (1986) (emphasis supplied).

The amendments effective July 1, 1988, to the Act significantly and substantially broaden and impact the rights, remedies, duties, and obligations of the consumer and manufacturer. The Court cannot find any clear legislative intent to apply the amendments effective July 1, 1988, retroactively. Therefore, under well established rules of statutory construction, they are to be given prospective application, *Gloucester Realty Corp., supra*; *Whitlock, supra*, and apply only to complaints that arise out of the purchase of a motor vehicle on or after July 1, 1988. The Court holds that the amendments effective July 1, 1988, to the Act have no application in the present case.