# Michael J. Parker, et al.

### v.

# The County of Madison, et al.

Record No. 911469

June 5, 1992

Present: All the Justices

*John G. Berry (Berry & Early*, on briefs), for appellants.
*David C. Dickey (J. Thomas Province*, on brief), for appellees
John D. Zaleski II and Cynthia Zaleski.
*V. R. Shackleford, III*, for appellee County of Madison.

JUSTICE COMPTON delivered the opinion of the Court.

In this land use case, the sole issue is whether, after amending a subdivision ordinance without making any provision to "grandfather" pending applications, a local governing body may lawfully invoke an unwritten "practice" of applying prior law to a pending application, and thereafter approve a subdivision prohibited by the amendment. We answer that question in the negative and reverse.

The relevant facts are not in dispute. In 1989, appellees John D. Zaleski, II, and Cynthia Zaleski, his wife (collectively, the developer), decided to purchase and develop approximately 79 acres of land on State Route 631 in Madison County. On June 26, 1989, the developer submitted a preliminary plat to the County Administrator applying to subdivide the subject property into 11 residential lots. Appellants Michael J. Parker and Mary H. Parker, his wife (collectively, the neighbor), owned a farm contiguous to the subject property. Both tracts are zoned for agricultural use under the County's Zoning Ordinance.

On June 29, 1989, the County Board of Supervisors duly adopted an amendment to the County's Subdivision Ordinance which prohibited subdivision of any tract of land zoned for agricultural use into more than four lots within any four-year period. The amendment became effective upon adoption and contained no provision that subdivision applications then pending would be governed by the prior law.

In July 1989, the developer acquired title to the subject property. In August 1989, the developer's preliminary subdivision plat was

considered by the County Planning Commission. Upon the developer's request, action on the plat was tabled so that the developer could satisfy certain highway department requirements and so that the number of planned lots could be reduced to eight. Later that month, the developer submitted a new preliminary plat incorporating those changes.

In September 1989, following a public hearing at which the neighbor objected to the proposed subdivision, the Planning Commission approved the new preliminary plat. In January 1990, the developer submitted a final plat, with further revisions, to subdivide the subject property into eight lots. On February 7, 1990, the Planning Commission recommended approval of the final plat and the Board of Supervisors approved the proposed subdivision.

On February 8, 1990, the neighbor filed the present declaratory judgment suit naming as defendants the County and the developer. The neighbor asked the trial court to declare that the action of the Planning Commission and the Board of Supervisors in approving the subdivision was invalid and that the approved subdivision plat was not entitled to recordation. Responding, the defendants asserted that the County acted properly in approving the subdivision and asked for dismissal of the suit.

Following a January 1991 *ore tenus* hearing, the chancellor, in a May 1991 letter opinion, ruled in favor of the County and the developer. The chancellor found that because the Planning Commission and the Board of Supervisors "approved the preliminary plat and final plat of subdivision under its longstanding practice of granting to an applicant for subdivision approval benefit of the ordinance in effect at time of application," the developer was "entitled to the benefit of that policy which is not unlawful." The chancellor agreed with the County that, by approving the final plat, "the subdivision approved was an appropriate amendment of the original preliminary plan." We awarded the neighbor an appeal from the June 1991 final decree dismissing the suit.

■ Ordinarily, with certain exceptions not pertinent here, proceedings after an amendment to a former law "shall conform, so far as practicable, to the laws in force at the time of such proceedings." Code § 1-16. This rule applies to amendments of local ordinances. *Chesterfield Civic Ass'n* v. *Bd. of Zoning Appeals*, 215 Va. 399, 402, 209 S.E.2d 925, 927 (1974). The rule is in accord with the settled principle that new laws will apply only to future cases unless there is something in the very nature of the case, or in the language

of the new provision, which shows that the new law was intended to have retrospective effect. *Gloucester Realty Corp.* v. *Guthrie*, 182 Va. 869, 875, 30 S.E.2d 686, 688-89 (1944).

Pertinent statutes dealing with land subdivision and development provide that, after a locality adopts a subdivision ordinance, no person shall subdivide land without recording a plat of the subdivision and "without fully complying" with the State statutes and such ordinance. Code § 15.1-473(a). Also, the statute provides that no such plat of a subdivision shall be recorded "unless and until it shall have been submitted to and approved by" the county board of supervisors. § 15.1-473(b).

The Madison County Subdivision Ordinance likewise provides: "No plat of subdivision shall be recorded unless or until the plat shall have been . . . approved . . . by the Board of Supervisors . . . in accordance with the regulations set forth in this ordinance." Madison County Subdivision Ordinance, art. 4, § 4-1-1 (1982). As we have said, the revision to the Ordinance effective June 29, 1989 provides, in § 4-1-6, that no tract of land in an agricultural district shall be subdivided into more than four smaller lots within any four-year period. As we also have noted, at times pertinent to this controversy the Ordinance did not provide that subdivision applications pending on the effective date of the revision would be governed by the former law.

Applying these legal principles and statutory requirements to the facts of the present case, we conclude that the plat of subdivision was not approved in accordance with regulations set forth in the Ordinance. The developer could not validly subdivide the subject property as planned unless the Board of Supervisors gave its approval before the June 1989 effective date of the amendment. In fact, Board approval was not given until February 1990, over seven months later. After the effective date of the amendment, the four-lot revision governed consideration of the developer's application. A local governing body's obligation to act in accordance with the new law, not the former, is not reduced by the mere filing of a subdivision application before the new law becomes effective, unless the new law expressly so provides. *See Chesterfield Civic Ass'n*, 215 Va. at 402, 209 S.E.2d at 927. This new law did not so provide.

And, we reject the contention of the County and the developer that, by approving the application, the legislative body made its intent "crystal clear" to recognize the unwritten "practice" of approving applications in accordance with the law as it existed at the

time the application was filed. Absent express authorization written into the pertinent ordinance, a governing body has no authority to recognize an unwritten practice that is inconsistent with the existing law.

Consequently, we will reverse the trial court's decree dismissing the bill of complaint. We will issue a declaratory judgment here holding that the action of the Board of Supervisors approving the subdivision of the subject property in accordance with the final plat on February 7, 1990 was invalid and that such approved plat is not entitled to recordation in the clerk's office below.

*Reversed and final judgment.*