## CIRCUIT COURT OF FAIRFAX COUNTY

Maplefield Homeowners Ass'n

v.

Sandra Basham

Case No. (Chancery) 131341

Maplefield Homeowners Ass'n

v.

Robert Tunstall et ux.

Case No. (Chancery) 131342

Maplefield Homeowners Ass'n

v.

Fares Abi-Najm et ux.

Case No. (Chancery) 131343

December 16, 1994

BY JUDGE MARCUS D. WILLIAMS

This motion arises out of petitioner's claim for attorney's fees under the Virginia Property Owners' Association Act (Va. Code § 55-508 *et seq.*). Petitioner was the prevailing party in a suit for an injunction against respondents and now seeks attorney's fees under Va. Code § 55-515. This section allows for an award of attorney's fees to the prevailing party for suits brought under the Act. Respondents contend that the attorney's fee provision cannot be applied to them because the statute was enacted after they purchased their homes and would therefore have to be applied retroactively.

Respondents argue that the statute contains specific language prohibiting the retroactive application of the Act. In their brief, respondents provide an incomplete quotation of the retroactive provisions of the Act. They quote Va. Code § 55-508(A) as stating "the provisions of this chapter . . . shall not be applied retroactively to any development subject to a declaration recorded prior to July 1, 1991." However, a reading of the provision in its entirety reveals that only certain provisions of the Act cannot be applied retroactively. Va. Code § 55-508(A) states in pertinent part:

> This chapter shall apply to developments subject to a declaration initially recorded after January 1, 1959, and property owners' associations incorporated or otherwise organized after such date. The provisions of this chapter which exclude the applicability of this chapter to developments which impose on the association maintenance or operational responsibilities or on the owners or occupants of lots a mandatory payment of money less than $150 per year . . . shall not be applied retroactively to any development subject to a declaration recorded prior to July 1, 1991. This chapter shall not be construed to affect the validity of any provision of any declaration recorded prior to July 1, 1989, but to the extent the declaration is silent, the provisions of this chapter shall apply.

A statute is always to be construed as operating prospectively unless there is a contrary intent expressed by the legislature. *Cohen v. Fairfax Hospital Association*, 12 Va. App. 702, 705 (1989). Although the presumption of prospectivity is strong, the legislature will never be presumed to have enacted an unconstitutional statute. *Gloucester Realty Corp. v. Guthrie*, 182 Va. 869, 875 (1944).

In drafting the Virginia Property Owners' Association Act, the legislature made clear its intent to apply the Act retroactively. This statute became effective in 1989, but the legislature specified that the statute was to apply to declarations recorded after January 1, 1959. All of the provisions of the chapter were intended to apply to all developments subject to a declaration recorded after 1959, with the exception of those Home Owner Associations whose mandatory Home Owners Association fees are less than $150 per year. For those Home Owner Associations, the provisions of the chapter, from which they are specifically excluded, may not be applied retroactively.

Virginia Code § 55-508(A) also states that "this chapter shall not be construed to affect the validity of any provision of any declaration recorded prior to July 1, 1989." Hence, if any provision of a declaration recorded prior to July 1, 1989, conflicted with the provisions of the chapter, the provisions of the declaration would be controlling. However, if there are no provisions of the declarations that conflict with the chapter, or if the declarations are silent as to a matter that is encompassed by this chapter, the provisions of the chapter control.

In the present case, the declaration was recorded in 1978; however, the provisions of the declaration are silent as to the payment of attorney's fees in the event of a failure to comply with the declaration. Since the declaration was recorded prior to July 1, 1989, and is silent as to attorney's fees, the provisions of the Act become effective. Virginia Code § 55-515 provides that the prevailing party in an action or suit to recover funds due for injunctive relief, shall be entitled to recover reasonable attorney's fees. Therefore, the section is applicable.

Respondents read the statute as prohibiting retroactive application to declarations recorded prior to 1991. However, this construction would lead to inconsistent application of the Act for those owners who purchased their homes after 1991. Virginia Code § 55-508(A) states in pertinent part:

> If any one lot in a development is subject to the provisions of this chapter, all lots in the development shall be subject to the provisions of this chapter, notwithstanding the fact that such lots would otherwise be excluded from the provisions of this chapter.

This means that if the provisions of the chapter apply to one homeowner, then they apply to all homeowners. The statute clearly prohibits such inconsistent application. Therefore, if the provisions of the chapter apply to some of the lots in the development, then they must apply to all.

Respondents assert that when the retroactive application of a statute would impact vested or substantive rights, the statute cannot be applied retroactively. They contend that the retroactive application of the attorney's fee provision of the Act would affect respondents' vested rights. Respondents analogize the attorney's fee provision to statutes providing for punitive damages and argue that when both types of statutes are applied retroactively, they expose defendants to increased liability. They argue that those homeowners who purchased their home prior to the effective date of the statute would be exposed to increased liability if the Act were applied retroactively.

The United States Supreme Court has held that attorney's fee provisions are procedural in nature and thus may be applied retroactively. *Landgraf v. USI Film Products*, 114 S. Ct. 1483 (1994); *see, White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451-452 (1982), and *Hutto v. Finney*, 437 U.S. 678, 695, n. 24 (1978). In *Landgraf*, the Court distinguished punitive damages from attorney's fee provisions and found that attorney's fee determinations are collateral to the main cause of action and are uniquely separable from the cause of action to be proved at trial. *Id.* at 1503. Unlike attorney's fee provisions, the Court found that punitive damages share a key characteristic of criminal sanctions, and the retroactive imposition of punitive damages would raise serious constitutional questions. *Id.* at 1505.

The attorney's fee provision of the Virginia Property Owners' Association Act is procedural in nature and thus may be applied retroactively to respondents. In addition, the Court finds a clear expression of intent by the legislature to have the Act apply retroactively. Accordingly, attorney's fees are assessed against defendants in the amount of $9,742.10.