# CIRCUIT COURT OF LOUDOUN COUNTY

Richard Colandrea

v.

Town of Middleburg

June 29, 1998

Case No. (Law) 20543

BY JUDGE JAMES H. CHAMBLIN

The Plaintiff, Richard Colandrea, has filed a Motion for Declaratory Judgment against the Town of Middleburg challenging the validity, enforceability, and constitutionality of a provision of the Town's Zoning Ordinance adopted in February 1995, pertaining to fences and walls on property lines. The Town has filed a Plea in Bar, a Special Plea of Mootness, and a Demurrer. These were argued on May 21, 1998. At argument Colandrea agreed that for purposes of the Pleas and the Demurrer, the Court could consider the amendments to the zoning ordinance adopted May 8, 1997, copies of which are attached to the Plea in Bar. The amendments concerned the construction of fences and walls on the property lines of residential properties in the Town.

For reasons that follow, both Pleas and the Demurrer are sustained.

This suit is the second filed by Colandrea arising out of his attempt commencing in 1997 to replace the fence on the front property line of his property in the Town of Middleburg. After observing the construction, the Town Zoning Administrator advised Colandrea that a zoning permit was required under the 1995 Zoning Ordinance. Colandrea applied for a zoning permit, but the Zoning Administrator determined that under the 1995 ordinance, fencing in the front yard was prohibited. Colandrea appealed to the Town Board of Zoning Appeals, which voted to affirm the decision of the Zoning Administrator.

Colandrea then filed a petition for writ of certiorari for this Court to review the BZA decision under Virginia Code § 15.1-497, now § 15.2-2314. This Court affirmed the decision of the BZA by letter opinion dated January 5, 1998. A final order consistent with the letter opinion was entered February 11, 1998. Colandrea did not appeal, and the order is final.

In this declaratory judgment proceeding, Colandrea seeks the following:

1. A declaration that the 1995 Zoning Ordinance, as interpreted by the Zoning Administrator, prohibiting fences in front, side, and rear yards, is unconstitutional, void, and unenforceable as to his property;

2. A declaration that the 1995 ordinance contained no valid enforceable regulation of the height and location of fences and walls; and

3. A declaration that the application filed by him in March, 1997, seeking a permit to build a fence vested him with rights under the 1995 ordinance, that the permit was unlawfully denied, and that it should be issued to him.

Considering the limited standard of review in a proceeding to review the decision of a BZA, the certiorari process does not authorize a trial court to rule on the validity or constitutionality of the ordinance underlying a BZA decision. *Board of Zoning Appeals v. University Sq. Assoc.*, 246 Va. 290, 294 (1993). Therefore, Colandrea could not have challenged the validity or constitutionality of the 1995 ordinance as it pertained to fences and walls on his property in his prior certiorari proceeding.

The Town amended the 1995 ordinance after Colandrea applied for and was denied a permit. He has never applied for a permit under the May 1997 amendments or sought any other relief from the Town since he applied for the permit in March 1997. The amendments to the 1995 zoning ordinance adopted by the Town Council in May 1997 contain provisions for the construction of fences in the front yards and along the boundary lines of residential properties, such as the property of Colandrea. The governing ordinances in this case were adopted on May 8, 1997. Deficiencies, if any, in the 1995 zoning ordinance provisions are moot. Any right to challenge the alleged deficiencies of the 1995 ordinance expired when the May, 1997 amendments were adopted or when the decision in the certiorari proceeding became final. *Chesterfield Civic Assoc. v. Board of Zoning Appeals of Chesterfield County*, 215 Va. 399 (1974). Therefore, rights as to the construction of walls and fences are governed by the 1997 amendments unless Colandrea had acquired a vested right to construct the wall under the 1995 ordinance before it was so amended. I have reviewed the vested right cases cited by counsel, *e.g., Fairfax County v. Medical Structures*, 213 Va. 355 (1972); *Matthews v. Greene County*, 218

Va. 270 (1977); *Parker v. County of Madison*, 244 Va. 39 (1992); and *Snow v. Amherst County Bd. of Zoning Appeals*, 248 Va. 404 (1994); as well as the decision by the Virginia Supreme Court in *Board of Zoning Appeals of Bland County v. Caselin Systems, Inc.*, 256 Va. 206 (1998).

The test for determining whether a landowner has acquired a vested right that may not be affected by subsequent legislation is as follows:

> [A] landowner who seeks to establish a vested property right in a land use classification must identify a *significant official governmental act* that is manifested by the issuance of a *permit or other approval* authorizing the landowner to conduct a use on his property that otherwise would not have been allowed. Additionally, and equally important, our test requires that the landowner establish that he has diligently pursued the use authorized by the government permit or approval and incurred substantial expense in good faith prior to the change in zoning. *Snow*, 248 Va. at 407, 448 S.E.2d at 608 (emphasis added).

It is clear from the factual findings in the certiorari proceeding and the allegations in this case that Colandrea did not acquire any vested right in his property for the construction of his wall under the 1995 ordinance. Colandrea has not identified a significant official governmental act, i.e., a permit or other approval that would authorize him to construct the wall on his property that otherwise was not allowed. *Snow*, 248 Va. at 407-408. Consideration of the other test requirements for vested property rights are, therefore, moot.

The application filed by Colandrea does not vest in him rights under the 1995 ordinance to build the wall. The application is not a significant official governmental act. *Notestein v. Board of Supervisors of Appomattox County*, 240 Va. 146 (1990). Under settled rules of construction, unless a vested property right exists, review proceedings of an application are properly governed by laws effective on adoption in a pending case. *Chesterfield Civic Assoc.*, 215 Va. at 402.

This case is, in one sense, even simpler than a vested rights case. There is no vested right in the continuation of a property's existing zoning status. The cases cited above involved a landowner who claimed that he had a right to do something manifested by the issuance of a permit or other approval for land use that was later prohibited or reduced by subsequent legislation. In March, 1997, Colandrea did not have the right to construct a wall along his front property line under the 1995 ordinance. No permit had been issued. It has already been determined in the certiorari proceeding, which is final and

binding on Colandrea, that he had no right to a permit for the construction of the wall. There was no act by the Town authorizing him to construct the wall under the ordinance as it existed when he commenced construction of the wall.

Colandrea claims he has the right to challenge the 1995 ordinance as it existed when he applied for the permit because it unconstitutionally deprived him of a right. The Town changed the zoning status of Colandrea's land, which he does not challenge. The change, in fact, gives Colandrea some rights to construction of a front wall that he did not have under the 1995 ordinance. Colandrea has not sought any relief under the 1997 amendments. These apply to his property now. He has no right to have only the 1995 ordinance as it existed before the May, 1997 amendments apply to his property.

Because the 1997 amendments apply, Colandrea has an administrative remedy available. He has not exhausted this remedy. The exhaustion doctrine precludes an attack on the constitutionality of the ordinance. *Rinker v. City of Fairfax*, 238 Va. 24, 28 (1989).

Ms. Whiting may prepare an order sustaining the Pleas and the Demurrer for the reasons set forth herein and dismissing the Motion for Declaratory Judgment.