## CIRCUIT COURT OF THE CITY OF SALEM

Andrew N. Aesy

v.

Zoning Appeals Board
of the City of Salem

February 3, 2005

Case No. CH04-76

BY JUDGE ROBERT P. DOHERTY, JR.

The Petitioner constructed a residence on a lot that contained a 75-year-old barn. The barn pre-existed the zoning ordinance that required accessory buildings to be located in the rear yard of single-family dwellings. Petitioner built his house so that the barn was located on the front side yard in violation of the zoning ordinance. Consequently, the City denied a certificate of occupancy until the barn was removed. Refusing to dismantle the barn, Petitioner filed for a variance before the Board of Zoning Appeals (BZA). His request for a variance was denied. He has now filed this appeal claiming that the barn is "grandfathered" and cannot be zoned out of existence; that he was not given written notice that the barn would have to be removed; and that an undue hardship exists because he cannot afford to dismantle and remove the barn. The BZA maintains that Petitioner's situation is self-inflicted and that he has misconstrued the concept of grandfathering. The BZA also argues that, because he would still have a reasonable use of his property after the destruction of the barn, the law does not entitle him to a variance. The Court finds in favor of the BZA.

### Grandfathering and Pre-existing Uses

Cities and counties have the authority to enact zoning ordinances that dictate the manner in which private lands can be used. Frequently, when

zoning ordinances are enacted, the local government will also enact legislation that allows for the continuation of a use that is already being made of the land that does not conform exactly with the new ordinance, as the City has done in this case. However, the existence of those continued non-conforming uses is usually a conditional existence, contingent upon maintaining the original use with little or no change. See § 15.2-2307, Code of Virginia (1950), as amended and Salem, Va., Code § 106-466 (2004). These continued non-conforming, pre-existing uses are referred to as being grandfathered. That simply means that they existed prior to the enactment of the zoning ordinances and will be allowed to continue in existence so long as they do not change. There is no such thing as implied grandfathering or the continuation of a right to keep a non-conforming, pre-existing use because of tradition or longstanding practice. If the right to continue a pre-existing, non-conforming use is not granted by specific legislation, such right does not exist in Virginia. *Parker v. County of Madison*, 244 Va. 39, 43 (1992).

In this case, the barn located on Petitioner's land was a lawful, pre-existing, non-conforming use that was grandfathered. However, Petitioner changed the use of the land by building a house on it. At that time the barn's status as being a grandfathered pre-existing use ceased, and it became an accessory building to the new house. As such, both the house and the accessory building had to conform to the existing zoning ordinances. When Petitioner built his house so that the barn was located in the front side yard, he violated the zoning ordinance that requires all accessory buildings to be located in the rear yard of single-family residences. Salem Code § 106-71.2. Unless Petitioner is granted a variance he will have to move the barn or dismantle it in order to keep the house where it is currently situated. Accordingly, Petitioner's argument to retain both the barn and the house in their present location because he has a grandfathered pre-existing use fails.

## Variance

When a landowner wants to use his land or wants to build a structure in a manner contrary to, or that varies from the requirements of the existing zoning ordinance, he must get permission from the local government. That permission, which is granted by a board of zoning appeals, is called a variance. The various requirements necessary for the granting of a variance are set forth in § 15.2-2309, Code of Virginia (1950), as amended. One of those requirements is for the applicant to prove that enforcement of the zoning ordinance against him would create an unnecessary hardship so severe that it would be similar to the local government confiscating his land. That particular

portion of § 15.2-22309 was recently explained by the Virginia Supreme Court in the case of *Cochran v. Fairfax City Bd. of Zoning Appeals*, 267 Va. 756, 767 (2004). They said that, if any reasonable beneficial use of the property can be made in accordance with the existing zoning ordinance, then the BZA has no authority to grant a variance, and an unnecessary hardship as contemplated by statute does not exist. In this case, by simply removing the barn, Petitioner can reasonably use the lot by living in the single-family dwelling he built. Thus, there is no unnecessary hardship that requires the granting of a variance.

### *Notice*

Petitioner has also claimed that he was not given written notice of the fact that, if he built a house on his lot, the barn lost its grandfathered status and would have to be removed. There is no requirement that anyone has to be notified of the effect of a particular zoning ordinance, either orally or in writing, although, in this case, the City claims to have orally advised Petitioner. The zoning ordinances and cases affecting these issues are matters of public record and available to Petitioner, who is presumed to know the law. *Criterion Ins. Co. v. Fulgham*, 219 Va. 294, 299 (1978). In addition, Petitioner signed a form more than a year and a half ago acknowledging that he was told by the City to obtain a survey to verify that no structure on his property would be in violation of the setback or yard restrictions. He apparently ignored that warning. Finally, the BZA points out that a self-inflicted hardship such as the one Petitioner now claims, whether deliberately or ignorantly incurred, cannot be the basis for granting a variance and cannot rise to the level of a constitutional deprivation of a landowner's rights. *Steele v. Fluvanna County Bd. of Zoning Appeals*, 246 Va. 502, 507 (1993). When all of these facts and findings are coupled with the statutory presumption that the decisions of the BZA are presumed to be correct, pursuant to § 15.2-2314, Code of Virginia (1950), as amended, Petitioner's final challenge to the denial of his request for a variance also fails.