## CIRCUIT COURT OF MADISON COUNTY

Mitchell Mountain, L.L.C.

v.

Madison County
Board of Supervisors

March 17, 2006

Case No. 1999

BY JUDGE DANIEL R. BOUTON

I am writing to advise you of the court's ruling in connection with the Motion to Intervene of Cynthia F. Johnson.

*Discussion*

It is critical to emphasize that the issue before the court involves the procedural mechanism of intervention and not the substantive law of land use and subdivision development. As a result, the court need not decide whether Ms. Johnson has "standing" as that term has been defined, nor is the court required to ascertain if she is an "aggrieved party" based on the principles that govern such a determination. Moreover, while both attorneys make reference to the case of *Parker v. County of Madison*, 244 Va. 39, 418 S.E.2d 855 (1992), and the case of *Shilling v. Jimenez*, 268 Va. 202, 597 S.E.2d 206 (2004), neither case addressed a motion for intervention. Therefore, it is not necessary for the court to confront and analyze the somewhat difficult question of how to interpret and reconcile the two cases because neither is dispositive or controlling. Rather, the standard that the court must apply to the disputed issue is set forth in Rule 3:19 and in the cases that have interpreted the Rule.

Three critical principles must be noted on the question of intervention. First, under Rule 3:19, intervention is discretionary with the court. Second, even if the court exercises its discretion to permit it, the intervention must

satisfy the requirements of Rule 3:19. Third, an intervenor must come into a case as a plaintiff or a defendant. The Rule does not allow a party to intervene because of concerns, legitimate or unfounded, about what might result from a trial court's decision in a case. *Hudson v. Jarrett*, 269 Va. 24, 606 S.E.2d 827 (2005).

Here, Ms. Johnson has an interest in the outcome of the case and she is understandably concerned about the impact that the litigation might have on her property. In her motion, she states that the proposed boundary line adjustment that is the subject of the case "would have a direct and substantial impact on the use and enjoyment" of her land. She also claims that it would affect the value of her property. As a result, she supports the position taken by the governing body, Madison County. Nevertheless, although she wants the county to prevail, she does not raise nor does she assert an independent claim against either party. She does not advance or identify any independent right that would accrue to her if she became a party to the case. She does not claim to be a plaintiff or a defendant. In short, she has no "claim or defense germane to the subject matter of the proceeding" under Rule 3:19.

Ms. Johnson's position is similar to that of the two parties who attempted to intervene in *Hudson*. There, the intervenors wanted to protect their rights to reimbursement for any third-party recovery that might be awarded in the case. They sought entry of a judgment against any proceeds to which they were entitled based on the evidence at trial. They did not wish to participate in the actual trial of the case; rather, they simply wanted to be in the case so that they could make sure that their lien was protected. Prior to the trial, the court granted their motion and allowed both parties to intervene. On appeal, however, the Supreme Court of Virginia reversed the trial judge and concluded that intervention was not appropriate. The court stressed that, under Rule 3:19, an intervenor must be identified as a plaintiff or a defendant. On this point, the court said that "the Rule's history includes a strong adherence to limiting intervention to those parties who are legitimately plaintiffs or defendants in litigation because the nature of their claim includes some right that is involved in the litigation." *Id.*, at page 34. The court also acknowledged that, while intervention is discretionary with the court, the requirements of Rule 3:19 must still be satisfied. In ruling that the trial judge should have denied the motion for intervention, the court stated that the "allegations of the intervenors here fall far short of showing any claim that they could assert as a plaintiff or defendant that is germane to the issues in the tort case." *Id.*, at page 33.

In light of the above discussion, the court is not persuaded that Ms. Johnson meets the requirements for intervention. Therefore, her motion to intervene is denied.