# CIRCUIT COURT OF ARLINGTON COUNTY

In re December 8, 2010,
Carried Over to
December 13, 2010,
Decisions of the
Board of Zoning Appeals
of Arlington County
re Items ## V-2716-10-3
and V-10458-APP-1

November 28, 2011

Case No. CL11-93 and CL11-41

BY JUDGE JOANNE F. ALPER

After hearing oral argument on October 18, 2011, and carefully reviewing the pleadings, hearing transcripts, case law, and facts of this case, the Court sets forth its ruling below.

*Factual Background*

These two consolidated cases concern a single property located at 1120 North Jackson Street in Arlington County, Virginia. The property is zoned C-3 "General Commercial Districts" and is designated on the County's General Land Use Plan as "Medium Residential." The property is currently owned by Mr. Neal Nichols, who acquired it in May 2008.

The previous owner of the property obtained a variance on November 1, 1965, that reduced the required setback to thirty feet instead of forty feet, to permit no side yards instead of ten feet side yards, and to permit three parking spaces instead of eleven, in order to construct a building on the property. The variance was granted on the condition that the building be

limited to the "sale and repair of batteries." Existing Variance, Staff Report to BZA at 25-28.

On July 9, 2010, Mr. Nichols submitted a letter to the Zoning Administrator requesting a determination of whether "taxi cab detailing on the property that would consist of: installing and repairing taxi two-way radios and taxi meters and installing logos on the cabs" would be a permitted C-3 use pursuant to the Arlington County Zoning Ordinance. Staff Report to BZA at 34-36. In the letter, Mr. Nichols recognized that the existing variance on the property limited the building's use to the sale and repair of batteries and noted that the existing variance would need to be "amended" for the proposed detailing use. Staff Report to BZA at 35. On July 13, 2010, Mr. Nichols applied for an amendment to the existing variance to remove the condition limiting use to the sale and repair of batteries. CL11-41 Record Item # 18, Application for Use Permits and Variances.

On July 29, 2010, the Zoning Administrator, Melinda Artman, responded with a determination letter stating that "the proposed use of the property is permitted, subject to the approval of a use permit by the Arlington County Board." CL11-93 Item # 1, Application for Appeal of Zoning Administrator's Determination. The Zoning Administrator concluded that the proposed use fit into the definition of "vehicle services establishment," a use permitted in the C-3 zoning district subject to the approval of a use permit by the Arlington County Board. *Id.* The Zoning Administrator reminded Mr. Nichols that the existing variance included relief from the required number of parking spaces and such relief from the parking requirement would expire should the existing variance be replaced by a new one.

On August 25, 2010, Mr. Nichols appealed the Zoning Administrator's determination to the Board of Zoning Appeals (BZA) pursuant to Va. Code Ann. § 15.2-2311. Application for Appeal of Zoning Administrator's Determination. The BZA heard the appeal at its December 13, 2010, meeting. CL11-93 Item # 7, BZA Meeting Minutes. The BZA first considered the Zoning Administrator's determination letter, asking (1) was the Zoning Administrator correct in her determination that detailing taxi cabs is not a by-right use and will only be permissible if the Arlington County Board approves a use permit; and (2) was the Zoning Administrator correct in her conclusion that an amendment or new variance would cause the existing parking variance to expire? The BZA answered both questions in the negative and reversed the Zoning Administrator's determinations.

Although the BZA Hearing Transcript indicates a vote of "yes" by Ms. Espenoza in regards to the second issue, in the audio recording of the hearing, Ms. Espenoza actually stated, "[a]s the question is propounded, I would say no, because the amendment to the existing variance, in my mind, is not the same as the new variance, which clearly would render the old variance ineffective." Therefore, the vote was 2 to 3, reversing the Zoning Administrator's decision, and the subsequent sentence in the written

record stating that "[t]he Zoning Administrator's determinations were both overturned" is correct.

The BZA next considered Mr. Nichols's request for a variance amendment and made the following findings: (1) the strict application of the Ordinance would not produce undue hardship relating to the Property; (2) the condition of the lot is shared generally by other properties in the same zoning district, and in the same vicinity; and (3) the proposed use will be of substantial detriment to adjacent properties and the character of the zoning district will be changed by the granting of a variance. CL11-41 Item # 29, BZA Meeting Minutes. Consequently, the BZA adopted a motion to deny the variance, and Mr. Nichols's request for a variance was denied. *Id.*

Pursuant to Va. Code Ann. § 15.2-2314, Mr. Nichols and the Arlington County Board respectively filed Petitions for Writ of Certiorari to review the decisions of the BZA. Mr. Nichols sought review of the BZA's denial of the variance, and the County Board sought review of the BZA's reversal of the Zoning Administrator's determinations. Petitions for Writ of Certiorari, CL11-93 and CL11-41. Writs were issued in each case, and, on April 12, 2011, the County's Motion to Consolidate the cross-appeals was granted. April 12, 2011, Order. On October 18, 2011, counsel presented oral arguments before the Circuit Court.

### Additional Evidence

Va. Code Ann. § 15.2-2314 governs the Court's review of BZA decisions. In pertinent part, it states "[i]f, upon the hearing, it shall appear to the court that testimony is necessary for a proper disposition of the matter, it may take evidence. . . ." Because it is within the Court's discretion whether to allow additional evidence, it is this Court's opinion that additional evidence is not needed for the proper disposition of the matter. Therefore, the Court affirms its October 18, 2011, evidentiary ruling and will not consider additional post-hearing evidence submitted to the Court by Mr. Nichols's counsel.

### Decision of the BZA on Appeal from the Zoning Administrator

In an appeal of a BZA determination, "the findings and conclusions of the board of zoning appeals on questions of fact shall be presumed to be correct. . . . The court shall hear any arguments on questions of law *de novo*." Va. Code Ann. § 15.2-2314. Thus, the presumption is rebuttable by showing that the BZA applied erroneous principles of law or was plainly wrong. In this case, the BZA reversed the Zoning Administrator's two conclusions and held that (1) the proposed use should be a by-right use and not subject to a use permit; and (2) the amendment to the 1965 variance would not negate the entire variance. Upon review of the record and

argument of counsel, the Court hereby finds that the BZA's determinations were improper and must be reversed.

First, the BZA erred in reversing the Zoning Administrator's conclusion that Mr. Nichols's proposed use of taxi cab detailing requires a permit. The Zoning Administrator properly determined that the proposed use fit into the definition of "vehicle services establishment," a use permitted in the C-3 zoning district subject to the approval of a use permit by the Arlington County Board. The proposed use fits under category six of the definition of "vehicle service establishment" that includes any premises where "after-market installation and sale of items such as vehicle audio or security systems, but not body work." Arlington County Zoning Ordinance, § 1. Mr. Nichols's proposed use fits within this category because taxi detailing, including the installation and repair of taxi cab radios, meters, and logos, relate to after-market installation of vehicle equipment. Moreover, the preamble language in the zoning ordinance is inclusive and allows for any of the defined categories or "other similar activities." *Id.*

The proposed use is not a permitted by-right use as set forth in the Arlington County Zoning Ordinance, § 26, which lists by-right uses for C-2 (and C-3 by extension) that include "other uses which, in the judgment of the Zoning Administrator, are of the same general character as those listed in this subsection and will not be detrimental to the district in which it is located." Arlington County Zoning Ordinance, § 26.31. Mr. Nichols's proposed use does not fall within this special exception category because it does not have the general character of any of the activities mentioned nor did the Zoning Administrator determine such. To the contrary, she determined that the proposed use does not fall within this special exception and concluded that, instead, it must fall under the "vehicle services establishment" and be approved via permit by the Arlington County Board. Further, the detrimental effects the proposed use may have to the district were thoroughly discussed during the BZA Hearing by board members and concerned neighbors, noting that the increased traffic and noise would harm the neighborhood and cause the character of the district to change. BZA Hearing transcript at 39:21-40:8, 43:8-13, 56:7-13.

Second, the BZA erred by reversing the Zoning Administrator's determination that any change to the 1965 variance would cause the existing variance to expire. As a preliminary matter, this issue was first raised by the Zoning Administrator in her determination letter sent to Mr. Nichols on July 29, 2010, and was then brought on appeal by Mr. Nichols to the BZA. Therefore, the BZA properly ruled on this issue, and it is properly before this Court. BZA Hearing transcript at 97-98.

The requested "amendment" to the variance would cause the existing variance, including a reduction in parking spaces, to lapse. There is no legal distinction between a variance amendment and a new variance. The Court will refer to Mr. Nichols's "variance amendment" as his request for

a new variance. The 1965 variance conditioned the use of the property to the "sale and repair of batteries." However, Mr. Nichols's proposed use would not involve the repair and sale of batteries and would instead entail the installation and repair of taxi meters, radios, and logos. Therefore, the previous variance that included a reduction in parking spaces would lapse and subsequently be replaced by a new variance that would allow for a different use of the property.

Moreover, when the BZA determines whether or not to grant a variance, it must consider all relevant factors required by statute, and it cannot assume that the factors considered in 1965 when the BZA granted a variance that reduced the number of parking spaces have remained intact. The BZA cannot simply pull out a thread of a variance granted in 1965 and marry it to a new proposed use in 2010.

*Decision of BZA on Appeal from Mr. Nichols*

In an appeal of a BZA decision granting or denying a variance request, "the decision of the board of zoning appeals shall be presumed to be correct." Va. Code Ann. § 15.2-2314. This presumption may be rebutted by "showing to the satisfaction of the court that that board of zoning appeals applied erroneous principles of law or, where the discretion of the board of zoning appeals is involved, the decision of the board of zoning appeals was plainly wrong and in violation of the purpose and intent of the zoning ordinance." *Id. See also Adams Outdoor Advertising v. Board of Zoning Appeals, City of Virginia Beach,* 274 Va. 189, 194 (2007).

Pursuant to Va. Code Ann. § 15.2-2201, a variance is a reasonable deviation from those provisions regulating the size or area of a lot or parcel of land. Va. Code Ann. § 15.2-2201. In order to be granted a variance, a property owner must show that, if the zoning ordinance is strictly applied, an unnecessary hardship would result because of "exceptional topographical conditions or other extraordinary situations." Va. Code Ann. § 15.2-2309. The BZA may grant a variance pursuant to Va. Code Ann. § 15.2-2309 if it can satisfy three requirements: "(a) that the strict application of the ordinance would produce undue hardship relating to the property; (b) that the hardship is not shared generally by other properties in the same zoning district and the same vicinity; and (c) that the authorization of the variance will not be of substantial detriment to adjacent property and that the character of the district will not be changed by the granting of a variance." Satisfaction of any one of the aforementioned prerequisites is not enough; the BZA must find that all three are met. *Steele v. Fluvanna County Bd. of Zoning Appeals,* 246 Va. 502, 506 (1993).

The BZA's denial of Mr. Nichols's variance request was proper because he failed all three requirements for the approval of a variance. First, Mr. Nichols failed to show that the strict application of the ordinance would

produce undue hardship relating to the property. Rather than a geographical limitation, Mr. Nichols complains of a preexisting variance on the property that limits the property's use. This alone does not amount to undue hardship. In *Cochran v. Fairfax County Bd. of Zoning Appeals*, 267 Va. 756 (2004), the Virginia Supreme Court held that there could only be a finding of undue hardship when the strict application of the zoning ordinance interferes with "all reasonable beneficial uses of the property, taken as a whole." *Cochran v. Fairfax County Bd. of Zoning Appeals*, 267 Va. at 767.

Here, the alleged hardship only relates to the proposed use of taxi cab detailing and seems to be a matter of inconvenience, not undue hardship, that interferes with all reasonable beneficial uses of the property. Mr. Nichols argues that he cannot use the building as he wants without altering it, thereby removing the setbacks so that the existing variance would be moot, and doing so would create a significant financial loss. However, financial loss alone does not create undue hardship. *See Aesy v. Zoning Appeals Bd. of the City of Salem*, 66 Va. Cir. 382 (2005) (finding that no hardship existed because petitioner could remove a barn that violated the zoning ordinance, even if doing so would cause petitioner to incur significant financial loss.)

Second, even if Mr. Nichols demonstrated an undue hardship relating to the property, this hardship was not generally shared by other properties in the same zoning district and the same vicinity. Mr. Nichols did not successfully demonstrate why his property would suffer a unique hardship if a variance was not granted. Indeed, as a BZA member highlighted during the hearing, many businesses in Arlington County occupy properties that are no longer viable. Hearing transcript at 128:11-20.

Third, the BZA properly decided that the approval of a variance would be a substantial detriment to adjacent properties and would change the character of the zoning district. The Staff Report submitted to the BZA indicates that, because the General Land Use Plan for this property is Medium Residential, the proposed use is inconsistent with the General Land Use Plan and may have a negative impact on surrounding residential properties. CL11-41 Item # 24, Staff Report to BZA. This concern was voiced by thirteen local neighbors who attended the BZA hearing. They noted that the proposed vehicle repair establishment would be of substantial detriment to adjacent residential properties and would change the character of the zoning district, causing more traffic and noise. Hearing transcript at 39:21-40:8, 43:8-13, 56:7-13.

In sum, Mr. Nichols's variance request was denied because he failed to produce sufficient evidence to prove that the strict application of the zoning ordinance would result in undue hardship relating to the property, and that the undue hardship was unique to the property and that the granting of the variance would not be a substantial detriment to neighboring properties. Therefore, the BZA correctly denied Mr. Nichols's request for a variance.

## *Conclusion*

The Court finds that the BZA erred in reversing the Zoning Administrator's determination that the proposed use of the property located at 1120 North Jackson Street is permitted subject to the approval of a use permit by the Arlington County Board, and the 1965 variance would expire if the property owner, Mr. Nichols, was granted an "amendment" to that variance. Second, the Court finds that the BZA did not err in denying Mr. Nichols's request for a variance because he failed the three-prong test set forth in Va. Code Ann. § 15.2-2309.