## MARVIN WENDELL VAUGHAN

v.

## E. W. MURRAY, DIRECTOR OF THE VIRGINIA DEPARTMENT OF CORRECTIONS, ET AL.

Record No. 930786

February 25, 1994

Present: All the Justices

*Brett N. Dorny (Paul R. Taskier; Dickstein, Shapiro & Morin,* on briefs), for appellant.

*Karen L. Lebo, Assistant Attorney General (Stephen D. Rosenthal, Attorney General,* on brief), for appellees.

JUSTICE COMPTON delivered the opinion of the Court.

According to the provisions of our Rule 5:42, the United States District Court for the Eastern District of Virginia certified to this Court on June 2, 1993 two questions of Virginia law relating to a convict's eligibility for parole. Simply stated, the issue presented by the certified questions is whether a Virginia inmate must be convicted of a felony and committed to a Virginia correctional facility on three separate occasions before being rendered ineligible for parole.

This action, pending in the certifying court, was brought by plaintiff Marvin Wendell Vaughan naming as defendants the Director of the Virginia Department of Corrections and its Manager of Central Criminal and Legal Records. The action was brought under a federal civil rights law, 42 U.S.C. § 1983, claiming that the defendants had misapplied to him Virginia's parole eligibility statute, Code § 53.1-

151, and that the statute is either ambiguous or facially unconstitutional.

The facts are undisputed. In 1986 and 1987, the plaintiff was convicted of multiple robbery-related crimes in the Tidewater area. He is presently serving a 66-year sentence for 22 convictions of robbery, attempted robbery, and weapons offenses.

Among these offenses, plaintiff was convicted on July 22, 1986 in the Hampton Circuit Court for armed robbery occurring on March 13, 1986. A ten-year prison term for that offense was suspended.

On August 20, 1986, plaintiff was convicted in the Virginia Beach Circuit Court for armed robbery occurring on February 12, 1986. A 25-year prison term for that offense was suspended.

On October 27, 1986, as the result of an offense occurring on March 15, 1986, plaintiff was convicted of armed robbery in the Norfolk Circuit Court. A 20-year prison term for that offense was suspended.

Finally, on January 7, 1987, as the result of an offense on February 25, 1986, plaintiff was convicted of armed robbery in the Chesapeake Circuit Court. He was sentenced to a ten-year prison term for that offense.

The order of certification states: "Notwithstanding that Plaintiff was convicted on multiple charges, he apparently only received an active sentence with respect to the last conviction. Thus, Plaintiff represents, and Defendants do not dispute, that this is the first time he has been committed to a state correctional facility."

The basis of plaintiff's federal complaint is that § 53.1-151 requires defendants to give him a parole hearing after serving one-fourth of his sentence or twelve years (whichever is less), as this is the first time he has been committed to a Virginia correctional facility. The defendants maintain that because the plaintiff has been convicted of three separate felonies of armed robbery, he is not eligible for parole under § 53.1-151.

The plaintiff seeks declaratory and injunctive relief. After the defendants moved for summary judgment, and after the plaintiff filed motions in opposition and for partial summary judgment, the federal district court certified the matter to us.

The certifying court presented the following questions to be answered: "1. Does the language of § 53.1-151(A) . . . require that a Virginia inmate be convicted of a felony *and* committed to a Virginia correctional facility on three *separate* occasions before being rendered ineligible for parole under section 53.1-151(B)(1)?" and "2. Does the language of § 53.1-151(A) defining prior commitments 'for

the purposes of subdivisions 2, 3 and 4 of subsection A' . . . also apply to determining whether a Virginia inmate is ineligible for parole under section 53.1-151(B)(1)?"

At the outset, we must decide which version of the much-amended § 53.1-151 applies to these facts. The convict argues, and the certifying court apparently assumed, that the current version of the statute applies. See Code § 53.1-151 (1991 Repl. Vol. and 1993 Cum. Supp.). This version includes amendments to the statute made after the instant 1986 offenses, specifically amendments effective in 1987, 1988, 1990, 1991, and 1993. See Acts 1987, ch. 668; Acts 1988, ch. 872; Acts 1990, chs. 220, 684; Acts 1991, ch. 423; and Acts 1993, chs. 485, 491, 907. The defendants argue that the version of the statute effective in 1986 on the dates of the subject crimes controls. We agree with the defendants.

The parole eligibility statute in effect on the date of the offenses for which the felon is convicted is the statute that controls the convict's eligibility for parole. *Ruplenas* v. *Commonwealth,* 221 Va. 972, 978, 275 S.E.2d 628, 632 (1981) (penalty existing at time of offense to be applied). This, of course, is consistent with settled Virginia precedent that new laws ordinarily will be applied prospectively and not retroactively. Code § 1-16; *Parker* v. *County of Madison,* 244 Va. 39, 41-42, 418 S.E.2d 855, 856 (1992).

In 1986, Code § 53.1-151(B1) provided: "Any person convicted of three separate felony offenses of murder, rape or armed robbery when such offenses were not part of a common act, transaction or scheme shall not be eligible for parole." (1985 Cum. Supp. to 1982 Repl. Vol.)

This provision was enacted in 1982 as subparagraph (2a) to former Code § 53-251. Acts 1982, ch. 270 at 430. Later, during the same session of the General Assembly, Title 53 of the Code was repealed and recodified as Title 53.1, but without subparagraph (2a) of former § 53-251. Acts 1982, ch. 636 at 1119. Subsequently, the Code Commission, as authorized by former Code § 1-13.39 (1979 Repl. Vol.), now § 9-77.11 (1993 Repl. Vol.), gave effect in the 1982 Code to the foregoing amendment to former § 53-251 and added subparagraph (2a) as subparagraph (B1) to § 53.1-151. See Editor's note to § 53.1-151 (1982 Repl. Vol.).

When the foregoing version of subparagraph (B1) was enacted in 1982, subparagraph (A) of § 53.1-151 provided, in part: "Except as herein otherwise provided, every person convicted of a felony and sentenced and committed under the laws of this Commonwealth to the Department of Corrections . . . 1. For the first time, shall be eligible

for parole after serving one-fourth of the term of imprisonment imposed, or after serving twelve years of the term of imprisonment imposed if one-fourth of the term of imprisonment imposed is more than twelve years; . . ." (1982 Repl. Vol.). Subparagraphs (A)(2), (3), and (4) of the statute increased the portion of the term to be served before a convict became parole eligible, based on the number of convictions, sentences, and commitments.

Subparagraph (A) also provided: "Only prior commitments interrupted by a person's being at liberty, or resulting from the commission of a felony while in a state correctional facility, shall be included in determining the number of times such person has been convicted, sentenced and committed for the purposes of paragraphs 2, 3 and 4 of subsection A." All the foregoing provisions of subsection (A) remained effective in 1986. (1985 Cum. Supp. to 1982 Repl. Vol.)

Clearly, the 1986 version of subsection (A) required the defendants to consider prior commitments for certain offenses as a parole-eligibility factor, but nowhere in that subparagraph was there a reference to subparagraph (B1). Likewise, subparagraph (B1) contained no reference to commitments. The language that the convict relies upon to support his claim that subparagraph (B1) requires three separate commitments for murder, rape, or robbery before an inmate may be classified as parole ineligible was not added to § 53.1-151 until after 1986, and we express no opinion on the impact, if any, that such additional language may have upon the present issues. Hence, we focus upon the 1986 version of subparagraph (B1) only.

Subparagraph (B1) is clear and unambiguous. Therefore, there is no need for construction by a court; the plain meaning and intent of the enactment will be given it. *Brown* v. *Lukhard,* 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). The subparagraph mandates that when, as here, a person has been convicted of three separate felony offenses of murder, rape, or armed robbery, which were not part of a common act, transaction, or scheme, the felon is ineligible for parole. Plainly, the provision indicates the General Assembly intended that felons convicted of the violent crimes of murder, rape, and robbery be incarcerated for longer periods of time than felons convicted of less violent crimes.

Accordingly, we hold that § 53.1-151(B1) does not require three separate commitments to a correctional facility for armed robbery before the defendants may classify this convict as ineligible for parole. This conclusion means that our answer to both of the certified questions is in the negative.

*The Certified Questions Are Answered in the Negative.*