Marvin Wendell **VAUGHAN**, Plaintiff,

v.

**E.W. MURRAY, et al., Defendants.**

No. 2:93cv195.

United States District Court,
E.D. Virginia,
Norfolk Division.

Dec. 13, 1994.

Marvin Wendell Vaughan, pro se.

Karen L. Lebo, Asst. Atty. Gen., Richmond, VA, for defendants.

### ORDER AND MEMORANDUM OPINION

MORGAN, District Judge.

The plaintiff is an inmate seeking relief pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants incorrectly assigned a date on which he may be considered for discretionary parole and, thus, violated his constitutional rights.

### PROCEDURAL HISTORY

On April 20, 1994, the Court granted Defendants Motion for Summary Judgment and dismissed the plaintiff's claim. The plaintiff filed a Supplemental Motion to Alter and Amend the Judgment on May 2, 1994. The Court ordered, on July 19, 1994, that the plaintiff had stated a valid claim pursuant to Fed.R.Civ.P. 59(e) and 60(b). The defendants responded on August 1, 1994. The plaintiff also filed a Motion to Strike in accordance with Fed.R.Civ.P. 12 and a Motion for Judgment on the Pleadings on July 20, 1994.

### ANALYSIS

#### Plaintiff's Motion to Strike

Pursuant to Fed.R.Civ.P. 12(f), the Court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The plaintiff made a Motion to Strike statements

in the defendants pleadings referring to the plaintiff's admission that his offenses were not part of a common scheme or plan. The plaintiff claims that the information is immaterial and untrue. The Court ORDERS that all references to the plaintiff's admission that his offenses were not part of a common scheme or plan be stricken from the defendants pleadings. The Court notes that it is irrelevant to the Court's ultimate determination whether the plaintiff admitted that his offenses were part of a common scheme. The only pertinent information regarding whether a common scheme occurred is that which the trier of fact found to be true.

The plaintiff's second claim in the Motion to Strike is that "the defendants has [sic] acted on the miscalculation of the plaintiff's parole eligibility when they used it to their advantage in the state supreme court." The Court FINDS that the Plaintiff's second claim on the Motion to Strike fails to satisfy the requirements of Fed.R.Civ.P. 12(e). Thus, the Court WILL NOT STRIKE the information from the defendants pleadings.

### Plaintiff's Supplemental Motion to Alter and Amend the Judgment and Plaintiff's Motion for Judgment on the Pleadings

In the July 19, 1994 Order, the Court expressed its concern that because the defendants changed the date on which the plaintiff could be considered for discretionary parole, the plaintiff's Motion to Alter and Amend the Judgment or Motion for Judgment on the Pleadings may have merit. Upon further consideration, the Court FINDS that the defendants did not violate the plaintiff's constitutional rights, either by changing the plaintiff's discretionary parole date or by denying the plaintiff the opportunity for parole. Accordingly, the Court DENIES Plaintiff's Motion to Alter and Amend the Judgment and it DENIES Plaintiff's Motion for Judgment on the Pleadings.

In response to questions certified by this Court to the Virginia Supreme Court, the supreme court found that the plaintiff was ineligible for a discretionary parole eligibility date. *Vaughan v. Murray,* 247 Va. 194, 198, 441 S.E.2d 24 (1994). The court held that "when, as here, a person has been convicted of three separate felony offenses of murder, rape, or armed robbery, which were not part of a common act, transaction, or scheme, the felon is ineligible for parol." *Id.* To comply with the law, the defendants had to revoke the plaintiff's discretionary parole eligibility date.

Contrary to the plaintiff's contentions, inmates do not have a constitutional right to be released before their prison term expires. *Adams v. Rice,* 40 F.3d 72 (4th Cir.1994); *Gaston v. Taylor,* 946 F.2d 340, 344 (4th Cir.1991) (quoting *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103–04, 60 L.Ed.2d 668 (1979)). "When release by parole depends on informed predictions such as are specified in the Virginia scheme, a prisoner cannot claim entitlement and therefore a liberty interest in the parole releases." *Id.* (citing *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. at 10, 99 S.Ct. at 2105). In the present case, the Virginia Supreme Court specifically denied the plaintiff the right to a parole eligibility date. *Vaughan v. Murray,* 247 Va. 194, 441 S.E.2d 24 (1994). Thus, although the defendants mistakenly assigned a discretionary parole eligibility date to the plaintiff, the defendants must deny the assignment to comply with the law. The Court FINDS that the Virginia Supreme Court ruling compels the defendants to deny a discretionary parole eligibility date to the plaintiff.

Courts have traditionally granted prison officials great discretion to decide parole cases. *Franklin v. Shields,* 569 F.2d 784, 800 (4th Cir.1977). Courts will uphold a prison official's decision "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution." *Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). The assignment of a discretionary parole eligibility date favored the plaintiff but was held by the Virginia Supreme Court to be inappropriate. *Vaughan v. Murray,* 247 Va. 194, 441 S.E.2d 24 (1994). Reinstatement of parole ineligible status is within the sentence imposed on the plaintiff and is consistent with the law at the

time he committed the crime. *Id.* Hence, the Court FINDS that because the plaintiff was not harmed by the mistaken assignment of a discretionary parole eligibility date, the defendants later denial of a discretionary parole eligibility date did not violate the plaintiff's constitutional rights.

█ Finally, a constitutional right cannot be created by estoppel. *Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 465, 101 S.Ct. 2460, 2465, 69 L.Ed.2d 158 (1981). "A constitutional entitlement cannot 'be created—as if by estoppel—merely because a wholly and expressly discretionary state privilege has been granted generously in the past.'" *Id.* (quoting *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. at 444, n. 5, 99 S.Ct. at 701–02, n. 5). Because the plaintiff is not entitled to parole by Virginia statute, the Court FINDS that he has no estoppel right to claim parole.

### CONCLUSION

The Court partially GRANTS Plaintiff's Motion to Strike and partially DENIES Plaintiff's Motion to Strike.

The Court FINDS that the defendants clearly made a mistake when assigning a discretionary parole eligibility date to the plaintiff. The Court FINDS that the plaintiff is ineligible for parole and suffered no deprivation of constitutional rights by the removal of a previously assigned discretionary parole eligibility date. The Court further FINDS that the defendants did not violate the Constitution when they denied the plaintiff a discretionary parole eligibility date. Thus, the Court DENIES Plaintiff's Supplemental Motion to Alter and Amend the Judgment and DENIES Plaintiff's Motion for Judgment on the Pleadings.

The Clerk is REQUESTED to send a copy of this order to Plaintiff and Counsel for Defendants.

It is so ORDERED.