70 F.3d 114
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marvin Wendell VAUGHAN, Plaintiff-Appellant,
v.
E.W. MURRAY, Director of the Virginia Department of
Corrections; Lou Ann White, Court and Legal
Services, Virginia Department of
Corrections, Defendants-Appellees.
 No. 95-6081.
 United States Court of Appeals, Fourth Circuit.
 Nov. 6, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry C. Morgan, Jr., District Judge. (CA-93-195)
 ARGUED: Laura Holt Hamilton, DICKSTEIN, SHAPIRO & MORIN, L.L.P., Washington, D.C., for Appellant. Karen Lynn Lebo, Assistant Attorney General, Richmond, Virginia, for Appellees. ON BRIEF: James S. Gilmore, III, Attorney General of Virginia, Richmond, Virginia, for Appellees.
 E.D.Va.
 VACATED.
 Before HAMILTON, LUTTIG, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Marvin Wendell Vaughan, a prisoner held by the Virginia Department of Corrections (VDOC), moved in the district court to alter or amend the summary judgment entered against him in his section 1983 action against the VDOC's director and records manager. In denying the motion the district court interpreted Vaughan v. Murray, 441 S.E.2d 24 (Va.1994), to mean that Vaughan (who had at least three convictions for violent felonies) was ineligible for discretionary parole on his sentences for non-violent crimes. Because we believe the district court read Vaughan v. Murray too broadly, we vacate the order denying Vaughan's motion to alter or amend the judgment to the extent that order requires the VDOC to revoke Vaughan's discretionary parole eligibility date.
 
 I.
 
 2
 On September 30, 1986, Vaughan began serving a 66-year sentence as a result of numerous convictions for robbery, attempted robbery and weapons offenses. That was Vaughan's first commitment to a state correctional facility. Once Vaughan was committed, the VDOC notified him that he was ineligible for parole under section 53.1-151(B1) of Virginia's parole statute. See Va.Code Sec. 53.1-151(B1) (1985 Cum.Supp.). That section's 1985 version provided that "[a]ny person convicted of three separate felony offenses of murder, rape or armed robbery when such offenses are not part of a common act, transaction or scheme shall not be eligible for parole." Id. Murder, rape and armed robbery are referred to as "B1 offenses." Vaughan had been convicted of more than three B1 offenses, but his single commitment was on sentences that included only two B1 offenses, i.e., he had two armed robbery sentences totalling fifteen years.
 
 
 3
 On March 30, 1993, Vaughan filed a complaint under 42 U.S.C. Sec. 1983 against the VDOC. Vaughan asserted that the applicable version of Sec. 53.1-151(B1) did not apply unless the prisoner had been convicted and committed three times for B1 offenses. Thus, according to Vaughan, the VDOC erred in classifying him as ineligible for parole because he was serving under his first commitment to a state correctional facility. The VDOC moved for summary judgment, maintaining that Vaughan's several (more than three) armed robbery convictions "place[d] him squarely under Sec. 53.1-151." The district court, concluding that a novel issue was presented, certified the following questions to the Virginia Supreme Court:
 
 
 4
 1. Does the language of Sec. 53.1-151(A) ... require that a Virginia inmate be convicted of a felony and committed to a Virginia correctional facility on three separate occasions before being rendered ineligible for parole under section 53.1-151(B)(1)? [and] 2. Does the language of Sec. 53.1-151(A) defining prior commitments "for the purposes of subdivisions 2, 3 and 4 of subsection A" ... also apply to determining whether a Virginia inmate is ineligible for parole under section 53.1-151(B)(1)?
 
 
 5
 Vaughan v. Murray, 441 S.E.2d 24, 25 (Va.1994).
 
 
 6
 In the meantime, while the certified questions were pending before the Virginia Supreme Court, the Courts and Legal Services Division of the VDOC developed a policy on a separate issue relating to Sec. 53.1-151(B1): the VDOC interpreted Sec. 53.1-151(B1) to mean that an inmate who was ineligible for parole on any sentences for murder, rape or armed robbery could nonetheless be eligible for discretionary parole on his sentences for other (non-B1) crimes. In accordance with this policy the VDOC sent Vaughan a notice dated September 16, 1993, advising him that his discretionary parole eligibility date had been "recomputed." For his non-armed robbery offenses, the VDOC assigned to Vaughan a discretionary parole eligibility date of April 11, 2002.[1] Both Vaughan and the VDOC acknowledged in their briefs before the Virginia Supreme Court that Vaughan had received a discretionary parole eligibility date. The VDOC policy itself was not mentioned.
 
 
 7
 On February 15, 1994, the Virginia Supreme Court answered both certified questions in the negative. The court held that " Sec. 53.1-151(B1) does not require three separate commitments to a correctional facility for armed robbery before the defendants may classify this convict as ineligible for parole." Vaughan, 441 S.E.2d at 26. After receiving the Virginia Supreme Court's opinion answering the certified questions, the district court issued an order, filed April 20, 1994, granting summary judgment to the defendants. Vaughan does not appeal that order.
 
 
 8
 Shortly after receiving the district court's April 20, 1994, order, Vaughan filed, pro se, a Supplemental Motion to Alter or Amend Judgment, in which he challenged the correctness of the discretionary parole eligibility date the VDOC had given him in the September 16, 1993, notice. The district court then asked the defendants to respond to Vaughan's motion by addressing: "(1) whether Vaughan has properly been given a parole eligibility date; and (2) whether the date has changed over time and, if so, why, given that Vaughan is apparently ineligible for parole." The defendants responded that in Vaughan v. Murray the Virginia Supreme Court had unequivocally ruled that Vaughan is not eligible for discretionary parole. The VDOC thus took the position that the Virginia Supreme Court had invalidated the VDOC policy on discretionary parole dates for non-B1 offenses. The district court agreed, saying that
 
 
 9
 the Virginia Supreme Court specifically denied the plaintiff the right to a parole eligibility date. Vaughan v. Murray, 247 Va. 194 (1994). Thus, although the defendants mistakenly assigned a discretionary parole eligibility date to the plaintiff, the defendants must deny the assignment to comply with the law. The Court FINDS that the Virginia Supreme Court ruling compels the defendants to deny a discretionary parole eligibility date to the plaintiff.
 
 
 10
 Accordingly, the district court, in an order and judgment, both filed December 13, 1994, denied Vaughan's motion to alter or amend the earlier, April 20, 1994, judgment. Vaughan appeals the order and judgment of December 13, 1994.
 
 II.
 
 11
 Vaughan argues that the district court erred in deciding that Vaughan v. Murray required the VDOC to deny him a discretionary arole date for his non-armed robbery offenses. We agree.[2]
 
 
 12
 We cannot overturn the district court's decision (that is, its denial of Vaughan's Rule 59(e) motion to alter or amend the judgment) unless there was abuse of discretion.[3] Adams v. Gould, Inc., 739 F.2d 858, 863-64 (3d Cir.1984), cert. denied, 469 U.S. 1122 (1985). Courts have recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir.1993).
 
 
 13
 We hold that the district court's interpretation of the scope of Vaughan v. Murray was "a clear error of law." Hutchinson, 994 F.2d at 1081. The court concluded that the Virginia Supreme Court declared Vaughan parole ineligible with respect to both his B1 and his non-B1 offenses. However, the issue of whether Vaughan was ineligible for parole on his non-B1 offenses was neither presented to nor decided by the Virginia Supreme Court. In other words, the validity of the new VDOC policy on discretionary parole eligibility dates was not raised or decided. This is apparent for several reasons.
 
 
 14
 First, the opinion's language indicates that the Virginia Supreme Court merely answered the certified questions presented to it. "Simply stated, the issue presented by the certified questions is whether a Virginia inmate must be convicted of a felony and committed to a Virginia correctional facility on three separate occasions before being rendered ineligible for parole." Vaughan, 441 S.E.2d at 24. The opinion does not say anything about the policy regarding non-B1 offenses. Indeed, the facts of the opinion only catalog Vaughan's B1 offenses. The opinion concludes, "[W]e hold that Sec. 53.1-151(B1) does not require three separate commitments to a correctional facility for armed robbery before the defendants may classify this convict as ineligible for parole. This conclusion means that our answer to both of the certified questions is in the negative." Id. at 26. Read as a whole, the opinion's text reveals that the court never considered the validity of the VDOC's policy regarding non-B1 offenses.
 
 
 15
 Second, we do not believe the Virginia Supreme Court would have invalidated the VDOC policy on parole eligibility dates for non-B1 crimes--a decision that would likely affect many prisoners--without saying it was doing that. See DiMeglio v. Haines, 45 F.3d 790, 800 (4th Cir.1995) (criticizing other courts for interpreting a United States Supreme Court decision as having decided a question that was not before it because "it [is] almost inconceivable that the Supreme Court would have effected [such] changes without acknowledging that it was doing so."). If the Virginia court had wanted to review the VDOC policy, there was a procedure readily available: "The [Virginia] Supreme Court may in its discretion restate any question of law presented." Rules of S.Ct. of Va. 5:42. Here, the Virginia Supreme Court simply took the questions as presented. They were not restated or broadened in any way. We can only conclude that the Supreme Court did what it said it was doing: answering the two certified questions. The answers did not touch on the validity of the policy on parole eligibility dates for non-B1 offenses.
 
 
 16
 Third, it is no wonder that the Virginia Supreme Court did not mention or consider the VDOC policy. The parties did not argue about the policy. They did not present a copy of the policy to the court. They did not even bring the policy's existence to the court's attention.[4] We are convinced, then, that the Virginia court did not rule on the policy's validity.
 
 
 17
 The district court simply read Vaughan v. Murray too broadly. It was a clear error of law to say that that opinion "compels the [VDOC] to deny a discretionary parole eligibility date to[Vaughan]" on his non-B1 offenses. It was, therefore, an abuse of discretion to deny his Rule 59(e) motion.
 
 III.
 
 18
 The district court's order and judgment, filed December 13, 1994, denying Vaughan's motion to alter or amend the judgment are vacated to the extent that they require the VDOC to revoke Vaughan's discretionary parole eligibility date on his non-B1 offenses.
 
 
 19
 VACATED.
 
 
 
 [1]
 As we understand it, Vaughan's discretionary parole eligibility date of April 11, 2002, was beyond the date when he would have served his two B1 sentences for armed robbery
 
 
 [2]
 Vaughan, by counsel, has advised us that we "do[ ] not need to reach [his] equal protection claim."
 
 
 [3]
 Although Vaughan's pro se motion purports to rely on both Fed.R.Civ.P. 59(e) and 60(b), we will treat it as a Rule 59(e) motion since it was "served not later than 10 days after entry of the judgment." See Fed.R.Civ.P. 59(e); Campbell v. Bartlett, 975 F.2d 1569, 1580 n. 15 (10th Cir.1992) ("Motions served within 10 days of judgment 'ordinarily will fall under Rule 59(e),' while motions served later fall under Rule 60(b).")
 
 
 [4]
 The VDOC notes that the parties' briefs mentioned (in a sentence or two) that Vaughan had recently been given a discretionary parole eligibility date for his non-B1 offenses. That observation begs the question. The VDOC policy itself was never mentioned in the briefs