**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

RICKY NESBIT,

*Plaintiff-Appellant,*

v.

MAXINE WASHINGTON; JOHN WILLIAM
WADE, JR.; JOHN ALDERMAN, in their
individual and official capacities,
*Defendants-Appellees.*

No. 01-6177

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CA-99-537-AM)

Submitted: May 22, 2001

Decided: June 4, 2001

Before WILKINS and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Ricky Nesbit, Appellant Pro Se. Mark Ralph Davis, OFFICE OF THE
ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for
Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Ricky Nesbit appeals the district court's order denying relief on his 42 U.S.C.A. § 1983 (West 1994 & Supp. 2000) complaint. Finding no error, we affirm.

Nesbitt was convicted of first degree murder and two armed robberies.* Upon his incarceration, Nesbitt was classified as eligible for parole consideration at a future date. In 1998, the Virginia Department of Corrections (VDOC) reviewed his parole status, determined his prior parole-eligible classification was a mistake, and concluded he was ineligible for parole under the 1982 version of Va. Code Ann. § 53.1-151(B1) (current version at Va. Code Ann. § 53.1-151 (Michie 1998)).

Nesbitt filed this civil rights complaint alleging violation of the Ex Post Facto and Due Process Clauses. Specifically, Nesbit contends that the Defendants violated his rights by reclassifying him as parole ineligible, and by applying Va. Code Ann. § 53.1-151(B1) to reach the determination that he was parole ineligible. At issue are three separate statutory provisions. First, the 1982 version of § 53.1-151(B1) provides:

> Any person convicted of three separate felony offenses of murder, rape, or armed robbery when such offenses were not part of a common act . . . shall not be eligible for parole.

That statute was amended in 1987; the amended statute specifies:

---

*The offenses involved a murder in Arlington, Virginia, in 1984, an armed robbery in Alexandria, Virginia, in 1985, and an unrelated armed robbery in Fairfax, Virginia, in 1985.

Any person convicted of three separate felony offenses of (i) murder, (ii) rape or (iii) robbery by the presenting of firearms or other deadly weapon, or any combination of the offenses specified in subdivisions (i), (ii) or (iii), when such transactions were not part of a common act . . . shall not be eligible for parole.

Va. Code Ann. § 53.1-151(B1) (Michie 1998 & Supp. 2000). Finally, the 1982 version of Va. Code Ann. § 53.1-151(A)(1) provides that any person convicted of any three unspecified felonies is parole eligible.

Nesbit asserts that the 1987 version of subsection (B1) cannot apply to him because his third qualifying offense occurred prior to 1987. He claims that the Defendants applied the 1987 version of subsection (B1), but even if they applied the 1982 version of subsection (B1), they erred. He contends that because he committed two armed robberies and one murder, rather than three of any one enumerated offense, the 1982 version of subsection (B1) cannot apply to him. He bases his contention on the fact that, in 1987, the statute was amended to specify that any combination of the enumerated offenses sufficed to render a defendant parole-ineligible. Because the version of the statute in effect at the time of his third qualifying offense did not so specify, he claims that the two statutes cannot have the same meaning.

We conclude that Nesbit's arguments lack merit. First, as the Virginia Supreme Court has noted, the pre-1987 versions of § 53.1-151(B1) are "clear and unambiguous" and plainly indicate that "the General Assembly intended that felons convicted of the violent crimes of murder, rape, and robbery be incarcerated for longer periods of time than felons convicted of less violent crimes." *Vaughn v. Murray*, 441 S.E.2d 24, 26 (Va. 1994). The 1987 amendment to the statute was merely a clarification, and not a substantive change. Accordingly, under either the 1982 or the 1987 version of the statute, Nesbit was not eligible for parole, and there has been no violation of the Ex Post Facto Clause. Further, to the extent that Nesbit challenges the Defendants' decision to reclassify him as parole ineligible in 1998, even though he was initially classified as parole eligible, because the statute in effect at the time of Nesbit's third qualifying offense rendered

him parole ineligible, the Defendants have committed no due process violation. *Vann v. Angelone*, 73 F.3d 519, 521 (4th Cir. 1996); *see Hawkins v. Freeman*, 195 F.3d 732, 736-37, 750 (4th Cir. 1999) (finding no due process violation in revocation of erroneously-granted parole when inmate was returned to prison twenty months after release).

Accordingly, we affirm the district court's decision, albeit on different reasoning. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*